**Francesco Paul GRAZIANO,**
**Plaintiff–Appellant,**

**v.**

**UNITED STATES of America,**
**Defendant–Appellee.**

**No. 1510, Docket 95–2638.**

United States Court of Appeals,
Second Circuit.

Argued May 6, 1996.

Decided May 10, 1996.

---

Patrick A. Mullin, Hackensack, NJ, for plaintiff-appellant.

Andrew Weissmann, Assistant United States Attorney for the Eastern District of New York (Zachary W. Carter, United States Attorney, Emily Berger, Assistant United States Attorney for the Eastern District of New York, of counsel), for defendant-appellee.

Before: FEINBERG, CABRANES, and PARKER, Circuit Judges.

PER CURIAM:

Francesco Graziano appeals from an order of the United States District Court for the Eastern District of New York (I. Leo Glasser, *Judge*) denying his motion to vacate his sentence pursuant to 28 U.S.C. § 2255. For the reasons set forth below, we affirm the judgment of the district court.

## I. FACTS

On May 11, 1993, Graziano was indicted for (1) conspiring to murder Louis DiBono for the purpose of gaining entrance to or enhancing his position in the Gambino Organized Crime Family, in violation of 18 U.S.C. § 1959(a)(5), and (2) the October 2, 1990, murder of DiBono, in violation of § 1959(a)(1). On June 15, 1994, Graziano entered into a plea agreement and a sentencing bargain by which he agreed to plead guilty to the conspiracy count. He also agreed that pursuant to Rule 11(e)(1)(C)[1] of the Federal Rules of Criminal Procedure, he would be sentenced to a ten-year term of incarceration. The agreement provided that the appropriate fine and term of supervised release would be left to the discretion of the district court.

The plea allocution was also conducted on June 15, 1994. After determining that Graziano had reviewed the agreement with his attorney, the court asked Graziano about the factual basis for his plea, and Graziano admitted that he had entered into an agreement to murder DiBono in order to maintain his position in the Gambino Crime Family. The court accepted Graziano's guilty plea, reserving decision on whether to impose the sentence agreed upon by the parties in the plea agreement.

At the sentencing hearing on September 14, 1994, Graziano's counsel made no objections to the presentence report, noting only that the court should consider Graziano's limited income in imposing any fine. The court approved the ten-year term of imprisonment stipulated to by the parties, and imposed a three-year term of supervised release and a $50 special assessment. After noting that it had "considered the financial implications [of imposing a fine]," the court also sentenced Graziano to a fine of $250,000. Judgment was entered on September 15, 1994.

Graziano brought no direct appeal from his conviction or his sentence, but on April 10, 1995, filed this motion pursuant to 28 U.S.C. § 2255, *pro se* and *in forma pauperis*. Graziano raised several issues before the district court, including (1) that his guilty plea was induced by misrepresentations and erroneous advice from his counsel regarding the applicable Sentencing Guidelines range for the conspiracy charge to which he pled; (2) that his three-year term of supervised release was not authorized by 18 U.S.C. § 1959(a)(5); and (3) that the fine imposed by the district court exceeded the statutory maximum under § 1959(a)(5). In a Memorandum and Order dated September 1, 1995, the district court dismissed Graziano's motion as meritless and procedurally barred due to his failure to bring a direct appeal. Significantly, the dis-

---

1. Fed.R.Crim.P. 11(e)(1)(C) provides in relevant part:

The attorney for the government and the attorney for the defendant ... may engage in discussions with a view toward reaching an agreement that, upon the entering of a plea of guilty ... to a charged offense or to a lesser or related offense, the attorney for the government will ... agree that a specific sentence is the appropriate disposition of the case.

trict court found that (1) the "plea agreement conferred a significant benefit upon Graziano in that ... he was ... permitted to plead guilty to a lesser offense than the one for which he was indicted[,] which would have required a sentence of life imprisonment upon conviction"; (2) Graziano's term of supervised release was expressly authorized by 18 U.S.C. § 3583(a); and (3) the maximum fine of $250,000 was explicitly authorized by 18 U.S.C. § 3571(b)(3).

Graziano filed his notice of appeal *pro se* on September 21, 1995, and the district court denied his motion for reconsideration on October 25, 1995. Subsequently, Graziano retained counsel who filed a supplemental memorandum of law and argued on his behalf.

## II. DISCUSSION

On appeal, Graziano raises eight issues—several for the first time. He contends that (1) the court erred in imposing the $250,000 fine without a proper inquiry into his ability to pay, pursuant to 18 U.S.C. § 3572(a); (2) the $250,000 fine was not authorized by the statute defining the offense, 18 U.S.C. § 1959(a)(5); (3) the fine imposed exceeded the Sentencing Guidelines range in effect at the time he committed the crime; (4) his guilty plea should be vacated due to ineffective assistance of counsel; (5) his sentence to a three-year term of supervised release was not authorized by § 1959(a)(5); (6) his guilty plea should be vacated because his indictment was defective; (7) 18 U.S.C. § 1959 is unconstitutional; and (8) the court erred in failing to grant him an evidentiary hearing on his § 2255 motion.

■ We begin with Graziano's three challenges to the $250,000 fine imposed by the district court. Insofar as Graziano was proceeding *pro se* before the district court, we interpret those pleadings liberally and construe his challenge to the statutory authority for the $250,000 fine before the district court as encompassing the two other challenges to the fine that have been "refined" with the assistance of appellate counsel. *See Billy–Eko v. United States,* 8 F.3d 111, 117 (2d Cir.1993). We find them all to be without merit. First, Graziano's claim that the district court did not consider the factors enumerated in 18 U.S.C. § 3572(a)[2] is belied by the record. The experienced and able district judge explicitly noted that he had "considered the financial implications [of imposing a fine]." This is sufficient under *United States v. Sellers,* 42 F.3d 116, 120 (2d Cir.1994), *cert. denied,* —— U.S. ——, 116 S.Ct. 93, 133 L.Ed.2d 49 (1995), where we held that explicit findings regarding a defendant's ability to pay a fine are not required under § 3572(a): "All that is required is that the district court 'consider,' among other things, the defendant's ability to pay." Second, we find that the district court properly held that the $250,000 fine was authorized under 18 U.S.C. § 3571(b)(3), which provides that an individual convicted of any felony may be fined up to $250,000.

■ Although Graziano's third claim—that the fine was improper because it exceeded the applicable range established by the Sentencing Guidelines in effect at the time he committed the offense—is colorable, we find that it is procedurally barred due to Graziano's failure to raise the claim on direct appeal.

■ We have previously held that "collateral attack on a final judgment in a criminal

**2.** 18 U.S.C. § 3572(a) provides:

In determining whether to impose a fine, and the amount, time for payment, and method of payment of a fine, the court shall consider ...
(1) the defendant's income, earning capacity, and financial resources;
(2) the burden that the fine will impose upon the defendant [and] any person who is financially dependent on the defendant ...;
(3) any pecuniary loss inflicted upon others as a result of the offense;
(4) whether restitution is ordered or made and the amount of such restitution;
(5) the need to deprive the defendant of illegally obtained gains from the offense;
(6) the expected costs to the government of any imprisonment, supervised release, or probation component of the sentence;
(7) whether the defendant can pass on to consumers or other persons the expense of the fine; and
(8) if the defendant is an organization, the size of the organization, and measure taken by the organization to discipline any officer, director, employee, or agent of the organization responsible for the offense....

case is generally available under § 2255 only for a constitutional error, a lack of jurisdiction in the sentencing court, or an error of law or fact that constitutes 'a fundamental defect which inherently results in complete miscarriage of justice.'" *United States v. Bokun,* 73 F.3d 8, 12 (2d Cir.1995). In *Femia v. United States,* 47 F.3d 519, 525 (2d Cir.1995), we discussed—without deciding—whether the "complete miscarriage of justice" standard should apply to challenges to the application of the Sentencing Guidelines raised for the first time in a § 2255 motion. Insofar as claims regarding a sentencing court's error in failing to properly apply the Sentencing Guidelines are neither constitutional nor jurisdictional, we join several other circuits in holding that, absent a complete miscarriage of justice, such claims will not be considered on a § 2255 motion where the defendant failed to raise them on direct appeal. *See United States v. Schlesinger,* 49 F.3d 483, 485 (9th Cir.1994) ("[N]onconstitutional sentencing errors that have not been raised on direct appeal have been waived and generally may not be reviewed by way of 28 U.S.C. § 2255"); *Knight v. United States,* 37 F.3d 769, 772–74 (1st Cir.1994) (finding error in application of Sentencing Guidelines that was not raised on direct appeal to be unreviewable on a § 2255 motion unless the defendant demonstrates a "complete miscarriage of justice"); *Scott v. United States,* 997 F.2d 340, 341–42 (7th Cir.1993) (finding that court's misapplication of the Sentencing Guidelines not cognizable on a § 2255 motion in the absence of a "complete miscarriage of justice"); *United States v. Vaughn,* 955 F.2d 367, 368 (5th Cir.1992) (per curiam) (finding that error in application of Sentencing Guidelines does not constitute "complete miscarriage of justice" meriting review under § 2255 where defendant failed to raise claim on direct appeal); *see also United States v. Essig,* 10 F.3d 968, 977 n. 25, 979 (3d Cir. 1993) (applying "cause and prejudice" test of *United States v. Frady,* 456 U.S. 152, 162–64, 167, 102 S.Ct. 1584, 1591–93, 1594, 71 L.Ed.2d 816 (1982), to Sentencing Guidelines claims raised for the first time in § 2255 motion; noting that by failing to raise issue on direct appeal, defendant waived the prior

question of whether the sentencing error constituted plain error).

■ This approach to violations of the Sentencing Guidelines is consistent with our view that the scope of review on a § 2255 motion should be "narrowly limited" in order to preserve the finality of criminal sentences and to effect the efficient allocation of judicial resources. *Bokun,* 73 F.3d at 12; *Napoli v. United States,* 32 F.3d 31, 35, 36 (2d Cir. 1994), *amended on reh'g on other grounds,* 45 F.3d 680 (2d Cir.), *cert. denied,* —— U.S. ——, 115 S.Ct. 1796, 131 L.Ed.2d 724 (1995). Furthermore, we have previously applied the "complete miscarriage of justice" standard in the sentencing context to a defendant's § 2255 challenge to his guilty plea where the district court had committed a procedural error in failing to inform the defendant of the possibility of a fine and a special parole term. *Lucas v. United States,* 963 F.2d 8, 12–14 (2d Cir.1992), *cert. denied,* 506 U.S. 895, 113 S.Ct. 270, 121 L.Ed.2d 199 (1992).

We find that the circumstances in the instant case do not amount to a "complete miscarriage of justice." Graziano was explicitly informed that he faced a $250,000 fine, and so informed, he voluntarily entered a plea of guilty. Any challenge that Graziano had regarding alleged violations of the Sentencing Guidelines should have been raised on direct appeal. Accordingly, his claim is procedurally barred.

■ We find Graziano's claims regarding ineffective assistance of counsel and his three-year term of supervised release to be without merit for substantially the same reasons set forth in the district court's Memorandum and Order of September 1, 1995. The remainder of his claims on appeal are barred due to his failure to raise them in district court. Finally, insofar as all of the claims raised by Graziano in the district court were properly found to be either clearly meritless or procedurally barred, we find that the court did not err in failing to grant a hearing on his § 2255 motion. *See United States v. Aiello,* 900 F.2d 528, 534 (2d Cir. 1990).

### III. CONCLUSION

To summarize:

We find all of Graziano's claims to be either meritless or procedurally barred. His challenge to the alleged erroneous application of the Sentencing Guidelines—raised for the first time on appeal—is procedurally barred on the ground that it does not constitute a complete miscarriage of justice.

Affirmed.