William CALDWELL, Petitioner,

v.

THE UNITED STATES of America, Respondent.

No. 97 Civ. 2125 (HB).

United States District Court, S.D. New York.

Jan. 26, 1998.

William Caldwell, Montgomery, PA, pro se.

### OPINION AND ORDER

BAER, District Judge.

Petitioner William Caldwell ("Caldwell") moves this court pursuant to 28 U.S.C. § 2255. for a modification of his sentence so that he may serve the remainder of his prison sentence in home detention because he was diagnosed with leukemia after sentencing. For the reasons set forth below, Caldwell's motion is DENIED.

### I. Background

On June 11, 1996, Caldwell, a former captain of the New York City Housing Police, was charged in a four count indictment stemming from his dealings with the New York City Parking Violations Bureau ("PVB"). The indictment charged that Caldwell defrauded the City of New York by obtaining improper dismissals and reductions on parking tickets issued to others. On September 19, 1996, Caldwell pleaded guilty to count one of the indictment (conspiracy to commit wire fraud). He was then sentenced to a term of imprisonment of one year and one day.[1] He began serving his sentence on

---

1. Caldwell has been released from prison and is currently serving a two-year term of supervised release. This does not render Caldwell's motion moot, however. Although he is no longer in prison, a term of supervised release, which carries with it the possibility revocation and addi-

November 7, 1996. Caldwell did not appeal his conviction or sentence. On February 5, 1997, Caldwell was diagnosed with stage II chronic lymphocytic leukemia.

## II. *Discussion*

Caldwell moves to amend his sentence based on 28 U.S.C. § 2255, Fed.R.Crim.P. 33, the inherent power of the court, and the Eighth Amendment to the Constitution. Caldwell contends that his sentence should be amended on the ground that he was diagnosed with leukemia after sentencing. He argues that had the Court considered his leukemia at the time of sentencing, it would have granted him a downward departure under the Sentencing Guidelines.

## A. *This Court Lacks Jurisdiction to Modify Caldwell's Sentence*

Pursuant to 18 U.S.C. § 3582(c), a court may modify a sentence in three limited circumstances, none of which are present here: (1) when the Bureau of Prisons moves the Court for such a reduction; (2) when the sentence was based on a guideline range that has since been lowered; and (3) when the court is so authorized by the Fed.R.Crim.P. 35.

■ Rule 35(c) permits the sentencing court to correct its own sentences within seven days of the imposition of the sentence and only with respect to corrections that result from arithmetical, technical or other clear error. *See* Fed.R.Crim.P. 35(c). Because Caldwell has brought this motion well beyond seven days after the September 19 sentencing date, this court is barred from modifying Caldwell's sentence.[2] *See United States v. Werber*, 51 F.3d 342, 348 (2d Cir. 1995); *United States v. Abreu–Cabrera* 64 F.3d 67, 73 (2d Cir.1995). Therefore, this court lacks jurisdiction to modify Caldwell's sentence pursuant to 18 U.S.C. § 3582(c).

## B. *This Court Cannot Modify Caldwell's Sentence Under the Other Doctrines, Rules and Provisions Cited by Caldwell*

### 1. *The Courts Inherent Powers*

■ Caldwell argues that his motion should be granted based on this Court's inherent powers to review prior sentences. However, this Circuit has found that a sentencing court's inherent power to review prior sentences must be read in conjunction with Fed.R.Crim.P. 35(c). In *United States v. Werber*, the court found that the cases that defendants cited that recognized the court's inherent power to "correct an erroneous sentence as long as the time for appeal has not yet run" were inapposite because they were decided before the 1991 addition of Rule 35(c) which shortened this "inherent power" to correct sentences to a seven day window. 51 F.3d at 348–49. Therefore, Caldwell's motion cannot be granted based on this argument.

### 2. *Fed.R.Crim.P. 33*

■ Caldwell also argues that his motion should be granted under Rule 33. This rule provides that "[f]he court on motion of a defendant may grant a new trial to that defendant if required in the interest of justice." Fed.R.Crim.P. 33. When such a motion is made on the ground of newly discovered evidence, it should only be granted "if ... the evidence is 'such that it would probably lead to an acquittal' ... and would otherwise create a 'reasonable doubt that did not otherwise exist.'" *United States v. Diaz*, 922 F.2d 998, 1006 (2d Cir.1990) (citations omitted), *cert. denied*, 500 U.S. 925, 111 S.Ct. 2035, 114 L.Ed.2d 119 (1991). This Rule is inapplicable here since there was no trial in

tional jail time satisfies the in custody requirement of § 2255. *See Peck v. U.S.*, 73 F.3d 1220, 1224 n. 5 (2d Cir.1995), *dissolved on other grounds*, 102 F.3d 1319 (2d Cir .1996), *vacated on reh'g*, 106 F.3d 450 (2d Cir.1997); *Salam v. U.S.*, 1997 WL 104962, at * 1 n. 2 (S.D.N.Y. March 7, 1997).

**2.** Even if the motion had been filed within the required seven days, this Court would neverthe-

less lack jurisdiction to modify the sentence under Rule 35(c) because there was no error in the original sentence that requires correction, nor does Caldwell claim there was such error. Caldwell's motion is based on his claim that there is new evidence, his illness, that was not known at sentencing. However, nothing in Rule 35(c) provides a sentencing court with the authority to revisit a sentence based on new information.

this case, as Caldwell pleaded guilty to the charges. Furthermore, even if Rule 33 were applicable to Caldwell, he does not claim that the newly discovered evidence (the diagnosis of leukemia) is exculpatory evidence such that it would probably lead to an acquittal. Caldwell cannot, therefore, find the relief he seeks pursuant to Fed.R.Crim.P. 33.

### 3. Amendment of Sentence Pursuant to 28 U.S.C. § 2255

■ A prisoner may move the sentencing court to vacate the sentence if, among other reasons, the sentence is subject to collateral attack. This Circuit has held that:

> collateral attack on a final judgment in a criminal case is generally available under § 2255 only for a constitutional error, a lack of jurisdiction in the sentencing court, or an error of law or fact that constitutes 'a fundamental defect which inherently results in complete miscarriage of justice.'

*Graziano v. United States,* 83 F.3d 587, 589–90 (2d Cir.1996). In assessing a plaintiff's motion to vacate his sentence because the court imposed a fine that exceeded the applicable range established by the Sentencing Guidelines, the *Graziano* court held that "absent a complete miscarriage of justice, such claims will not be considered on a § 2255 motion where defendant failed to raise them on direct appeal." *Id.* at 590.

Here, Caldwell's § 2255 petition must be denied. Caldwell failed to appeal his conviction or sentence to the Court of Appeals. Moreover, Caldwell does not allege that the sentence was in error; he merely alleges that due to his changed circumstances, it should be different. Even if Caldwell's papers are read to mean that there has been an error, he does not allege facts from which is can be found that the sentence results in a "complete miscarriage of justice." *See Simms v. United States,* 1996 WL 362732 *1 (E.D.N.Y. June 6, 1996) (finding no fundamental miscarriage of justice based on the sentencing court allegedly miscalculating a criminal history category because plaintiff could have challenged the computation on direct appeal).

### 4. Eighth Amendment

■■ In order to establish a violation of eighth amendment rights, the prisoner must prove that the defendants acted with "deliberate indifference to [his] serious medical needs." *Hathaway v. Coughlin,* 37 F.3d 63, 66 (2d Cir.1994) (quoting *Estelle v. Gamble,* 429 U.S. 97, 103, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976)), *cert. denied,* 513 U.S. 1154, 115 S.Ct. 1108, 130 L.Ed.2d 1074 (1995). The alleged deprivation, according to this Circuit, contemplates "a condition of urgency, one that may produce death, degeneration or extreme pain." *Id.* (citation omitted). Moreover, even if a prisoner can prove a violation of his eighth amendment rights, the remedy is damages or to enjoin the specific practices deemed cruel and unusual—not to be sent home. *See Fernandez v. United States,* 941 F.2d 1488, 1494 (11th Cir.1991) ("Release from confinement is not a possible remedy"); *Fisher v. Koehler,* 692 F.Supp. 1519, 1565 (S.D.N.Y.1988) ("Having concluded that Plaintiffs have established Eighth Amendment violations, it remains to be determined whether an injunction should be entered, and, if so, the scope of that remedy").

■ Here, even presuming that Caldwell can evidence a serious medical need, he cannot show that the defendant has acted with deliberate indifference to those medical needs. Caldwell's own records reflect that he saw a doctor twice in the four months immediately following his incarceration, and his complaint was merely that his treatment options were limited in prison. Moreover, Caldwell indicated that he was able to see doctors outside of the prison system but that "the logistics of getting treatment and time for scheduling [with those doctors] while incarcerated [took] time." Pl.Mem. at 5. However, this court has held that:

> ... plaintiff has no constitutional interest in being treated at a particular facility or by a specific physician.... Nor is plaintiff's disagreement as to the appropriate course of treatment sufficient to establish an Eighth Amendment claim.

*Williams v. Keane,* 940 F.Supp. 566, 571 (S.D.N.Y.1996) (citations omitted). Moreover, even if a constitutional violation were made out, it would not allow Caldwell to

serve the remainder of his sentence in home detention. *See Fernandez*, 941 F.2d at 1494. Thus, the Eighth Amendment does not support Caldwell's motion.

### III. *Conclusion*

For the reasons set forth above, Caldwell's application to modify his sentence is DENIED. The Clerk of the Court is directed to close this case.

**SO ORDERED.**