■ FRANCESCO P. GRAZIANO, Respondent, v KAPLAN & KATZBERG et al., Appellants. [687 NYS2d 117] —Order, Supreme Court, New York County (Leland DeGrasse, J.), entered March 23, 1998, to the extent that it denied defendants' motion to dismiss the complaint with respect to plaintiff's claim of

negligent failure to challenge the $250,000 fine, unanimously reversed, on the law, with costs, the motion granted and the complaint dismissed in its entirety. The Clerk is directed to enter judgment in favor of defendants-appellants dismissing the complaint.

After a mistrial on murder and conspiracy charges, in United States District Court for the Eastern District of New York, defendant attorneys negotiated for plaintiff, their client, a plea of guilty to conspiracy to murder, prior to a second trial that would have included an additional charge of perjury. The plea agreement called for incarceration of 10 years, and the possibility that the court might impose up to three additional years of government supervision following release and a fine of up to $250,000. After plaintiff was sentenced to 10 years imprisonment, plus the maximum term of supervised release and the maximum fine, he challenged the sentence on the grounds, *inter alia*, that his plea had been unlawfully induced by misrepresentation and improper advice, and that his sentence exceeded the guidelines in effect at the time of the offense. Plaintiff's motion was denied, as was a motion for reconsideration that added a claim of ineffective assistance of counsel. In affirming these orders (*Graziano v United States*, 83 F3d 587), the Second Circuit Court of Appeals specifically rejected the argument of ineffective assistance of counsel. The court noted that the claim that the fine exceeded the range of the applicable sentencing guidelines was "colorable" (*supra,* at 589), but was nonetheless not subject to collateral attack, plaintiff having failed to raise it on direct appeal. With this opening, plaintiff thereupon commenced the instant action for legal malpractice, pointing, *inter alia*, to defendants' failure to take a direct appeal from his sentence.

In fact, plaintiff was barred by law from appealing his conviction (*cf., Carmel v Lunney*, 70 NY2d 169). The plea negotiations had included an agreement as to sentences that were appropriate to the case, in accordance with rule 11 (e) (1) of the Federal Rules of Criminal Procedure. Under such circumstances, a criminal defendant is precluded from appealing on the ground that his sentence exceeds the applicable guideline, so long as the sentence imposed is not "greater than the sentence set forth in such agreement" (18 USC § 3742 [c] [1]). Plaintiff acknowledged on the record that he could receive up to a maximum fine of $250,000. Furthermore, the sentencing guidelines do not bar a court from accepting a negotiated plea for a sentence outside those guidelines (*United States v Aguilar*, 884 F Supp 88 [ED NY]).

Plaintiff's negotiated plea constituted a decision on the merits in Federal court. Having had a full and fair opportunity to contest that decision on the very grounds alleged herein, he is collaterally estopped from pursuing this malpractice action (*Vavolizza v Krieger*, 33 NY2d 351). Concur—Ellerin, P. J., Sullivan, Williams and Wallach, JJ.