**UNITED STATES of America,
Petitioner,**

v.

**Chio Luen CHAN, Respondent.**

**No. 95 Cr. 1109(JES).**

United States District Court,
S.D. New York.

Aug. 31, 1999.

Chio Luen Chan, White Deer, PA, petitioner pro se.

Mary Jo White, U.S. Atty., New York City (Andrew C. McCarthy, Asst. U.S. Atty., of counsel), for respondent.

## MEMORANDUM OPINION AND ORDER

SPRIZZO, District Judge.

Defendant in the above-captioned action has submitted a *pro se* letter application to the Court seeking a reduction of the sentence imposed by the Court on February 17, 1999. The Government has submitted a letter brief in opposition to defendant's application, arguing that the Court is without jurisdiction to grant the reduction defendant seeks. Because the Court agrees that it lacks jurisdiction to reduce defendant's sentence, the Court denies defendant's application.

## BACKGROUND

On February 27, 1996, defendant pleaded guilty to a hostage taking, in violation of 18 U.S.C. § 1203, and to the use and carrying of a firearm in relation to a violent crime, in violation of 18 U.S.C. § 924(c). On May 24, 1997, defendant was sentenced to 70 months' imprisonment for the § 1203 violation, to be followed by a mandatory five years' imprisonment for the § 924(c) violation.

Defendant's trial counsel filed a notice of appeal on June 13, 1997. Thereafter, defendant retained new counsel, but defendant's new counsel failed to perfect the appeal. The appeal was dismissed on September 24, 1997. Subsequently, defendant filed a *pro se* collateral attack on the judgment pursuant to 28 U.S.C. § 2255, claiming that there was no factual predicate for his § 924(c) conviction and further contending that his appellate counsel had provided ineffective assistance by failing to perfect the appeal.

On July 9, 1998, this Court issued an Order directing the Government to respond to defendant's § 2255 petition. After investigation, the Government requested that this Court conduct a hearing concerning the veracity of defendant's claim that he directed his counsel to file an appeal on his behalf. Following a hearing, this Court directed that counsel be appointed for defendant.

Consequently, defendant was assigned a third attorney, Debra Cohen, Esq., who negotiated an agreement with the Government for a reduced sentence for defendant. On February 13, 1999, the Government informed this Court of the agreement reached between the parties, which included: (1) a sentence calculated solely on the basis of the § 1203 charge; (2) a Government recommendation that defendant's § 2255 petition be granted; (3) a waiver by defendant of any right to have the Court direct the preparation of a revised presentence investigation report; and (4) a stipulation by both parties that defendant's § 1203 charge be increased by two points because the crime included the use of a gun. On February 17, 1999, defendant appeared before this Court for resentencing, and this Court imposed a sentence of 87 months, a substantial reduction from his prior term of incarceration of 130 months.

Defendant did not attempt to appeal his modified sentence.

Proceeding *pro se*, defendant now moves this Court to recalculate his sentence based on his alleged extraordinary post-conviction behavior. Defendant claims that his attorney at resentencing, Ms. Cohen, failed to inform the Court of this extraordinary behavior despite defendant's urging and argues that Ms. Cohen's failure to argue this additional basis for a reduction in sentence constituted ineffective assistance of counsel.

## DISCUSSION

■ This Court has three potential sources of jurisdiction to reduce defendant's sentence, and none affords this Court a proper basis for exercising jurisdiction in this case. First, pursuant to Rule 35(c), Fed.R.Crim.P., the claim is time-barred because a court may correct a sentence it has imposed only within seven days of the imposition of sentence and only if the correction is one of "arithmetical, technical or other clear error." Fed. R.Crim.P. 35(c). Defendant has failed to bring his application within this time limitation and, in any event, is claiming the right to be considered for a downward departure in an instance where he failed to raise the issue. Defendant clearly is not requesting a correction of an error that Rule 35(c) is designed to address. Similarly, Rule 36, Fed.R.Crim.P., empowers this Court to correct only clerical errors, which the defendant does not allege.

As for 28 U.S.C. § 2255, the Court of Appeals has consistently held that a § 2255 motion will lie only for constitutional error, lack of jurisdiction, or an error of law or fact which stems from a fundamental defect and results in the miscarriage of justice. *See Graziano v. United States*, 83 F.3d 587 (2d Cir.1996). In *Graziano*, the Court of Appeals held that "absent a complete miscarriage of justice, [claims that a sentencing court failed properly to apply the Sentencing Guidelines] will not be considered on a § 2255 motion where the

defendant failed to raise them on direct appeal." *Id.* at 590. Therefore, since the defendant did not appeal his modified sentence, he may not now raise this issue by a motion pursuant to § 2255.

■ Finally, to the extent that defendant's letter obliquely suggests that Ms. Cohen failed to provide effective assistance of counsel, defendant fails to demonstrate either that her representation fell below an objective standard of reasonableness or that Ms. Cohen's representation of defendant in any way prejudiced him. *See United States v. Leslie*, 103 F.3d 1093, 1099 (2d Cir.1997) (citing *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984)). For defendant to establish prejudice, he must show "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694, 104 S.Ct. 2052.

Defendant does not and cannot show that he received ineffective counsel at sentencing. Ms. Cohen greatly benefited the defendant by negotiating a substantially reduced sentence and the dismissal of one charge to which plaintiff had pleaded guilty. Because of counsel's efforts, defendant's sentence was reduced from 130 months to 87 months. Her decision to waive a new presentence investigation and not to raise an extraordinary rehabilitation departure motion was a reasonable strategic choice that was likely calculated to persuade the Government to accept a substantially lower sentence in order avoid the burden a new pre-sentence investigation, which in any event might have placed new negative information regarding defendant before the Court.

■ Additionally, the defendant cannot establish prejudice. While the Court has discretion under *United States v. Core*, 125 F.3d 74 (2d Cir.1997), to order a reduction in a prisoner's sentence due to post-conviction rehabilitation in prison, such a downward departure rests in the Court's discretion. The Court would not have exercised

that discretion in defendant's favor based upon his claimed rehabilitative efforts even had the issue been timely raised.

## CONCLUSION

For the foregoing reasons, the Court denies defendant's letter application for a reduction of sentence.

It is **SO ORDERED.**