William KINNEY, Petitioner,

v.

UNITED STATES of America,
Respondent.

No. 02–CV–0138(ADS).

United States District Court,
E.D. New York.

June 16, 2003.

David Samel, New York, NY, for Petitioner.

Roslynn R. Mauskopf, United States Attorney by James E. Tatum, Jr., Assistant United States Attorney, Central Islip, NY, for Respondent.

## MEMORANDUM OF DECISION AND ORDER

SPATT, District Judge.

The petitioner William Kinney ("Kinney") moves pursuant to 28 U.S.C. § 2255 to vacate, set aside or correct his sentence arising from his 1999 conviction in this Court.

In 1997, Kinney and co-defendant Kevin Kelly were indicted for activities related to soliciting funds for a law enforcement charity, through which they committed mail fraud. Specifically, Kinney worked for a company called American Interconnect Agency ("AIA"), a business which solicited funds on behalf of charities. AIA contracted with the Drug Enforcement Agency of New York ("DEANY"), a non-profit organization which primarily focuses on educating police officers. The contract called for AIA to sell advertising space in two journals that AIA would publish and distribute to DEANY's members and the journal contributors. At the end of the

contract year, AIA had not published the journals even though it raised over $200,000. In addition, the evidence revealed that the AIA salesmen consistently made misrepresentations as to their identities and as to how the solicited funds would be used. Kinney was indicted and charged with 'conspiracy to commit mail fraud and mail fraud. The complete factual background of this case is set forth in an opinion of the Court of Appeals for the Second Circuit ("Second Circuit"). *See United States v. Kinney,* 211 F.3d 13, 15–16 (2d Cir.2000), *cert. denied,* 531 U.S. 1079, 121 S.Ct. 778, 148 L.Ed.2d 676 (2001). Thus, only the facts and law necessary to determine the instant disposition are stated here.

On July 14, 1999, after a jury trial, this Court entered a judgment convicting Kinney of conspiracy to commit mail fraud in violation of 18 U.S.C. § 371 and four counts of mail fraud in violation of 18 U.S.C. § 1341. The Court sentenced Kinney to forty-six months incarceration; three years supervised release; and a mandatory $250.00 special assessment.

Kinney directly appealed his conviction to the Second Circuit, contending primarily that: (1) the evidence was insufficient to support the convictions for mail fraud; (2) this Court erroneously enhanced his sentence; and (3) this Court incorrectly admitted evidence of wrongful acts. On April 28, 2000, the Second Circuit affirmed his conviction, finding that: (1) Kinney did not demonstrate that his conviction was "unsupported by sufficient evidence of fraudulent intent"; (2) this Court properly followed the guidelines in enhancing his sentence; and (3) his remaining arguments were without merit. *Kinney,* 211 F.3d at 17–21.

On January 8, 2002, Kinney filed the instant motion, alleging that trial counsel was ineffective for: (1) failing to present exculpatory evidence; (2) failing to disclose a potential conflict of interest; and (3) failing to effectively oppose sentence enhancement for obstruction of justice.

## *DISCUSSION*

 It is well settled that a Section 2255 motion is not a substitute for direct appeal. *United States v. Frady,* 456 U.S. 152, 165, 102 S.Ct. 1584, 1593, 71 L.Ed.2d 816 (1982); *United States v. Munoz,* 143 F.3d 632, 637 (2d Cir.1998). Accordingly, "Section 2255 claims not raised on direct review are procedurally barred unless they raise constitutional or jurisdictional claims, or result in a 'complete miscarriage of justice.'" *Johnson v. United States,* 313 F.3d 815, 817 (2d Cir.2002) (quoting *Graziano v. United States,* 83 F.3d 587, 590 (2d Cir.1996)). A petitioner seeking to raise a claim in his Section 2255 motion that he did not raise on direct appeal must show "cause and prejudice" or a "fundamental miscarriage of justice" for his failure to do so. *Frady,* 456 U.S. at 167, 102 S.Ct. 1584 (citing *Davis v. United States,* 411 U.S. 233, 93 S.Ct. 1577, 36 L.Ed.2d 216(1973)); *Munoz,* 143 F.3d at 637.

 One exception to this procedural default rule is for claims of ineffective assistance of counsel. Such claims may be brought in a Section 2255 proceeding whether or not the petitioner could have raised them on direct appeal. *Massaro v. United States,* —— U.S. ——, 123 S.Ct. 1690, 155 L.Ed.2d 714 (2003).

### As to the Ineffective Assistance of Counsel Claim

Kinney contends that trial counsel ineffectively failed to: (1) present exculpatory evidence; (2) disclose a potential conflict of interest; and (3) effectively oppose sentence enhancement.

■ In order to prevail on an ineffective assistance of counsel claim, a petitioner must establish that his counsel performed deficiently and that the deficiency caused actual prejudice to his defense. *Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); *Dunham v. Travis*, 313 F.3d 724, 730 (2d Cir.2002). Under the first prong, the court must "indulge a strong presumption that counsel's conduct falls within the range of reasonable professional assistance." *Strickland*, 466 U.S. at 689, 104 S.Ct. 2052. The petitioner may prove the deficiency prong by establishing that his attorney's conduct fell "outside the wide range of professionally competent assistance," *id.* at 690, 104 S.Ct. 2052, and establish prejudice by showing a "reasonable probability" exists that, but for the deficiency, "the result of the proceeding would have been different." *Id.* at 694, 104 S.Ct. 2052. "A reasonable probability is one sufficient to undermine confidence in the outcome of the trial or appeal." *Dunham*, 313 F.3d at 730 (citing *Strickland*, 466 U.S. at 694, 104 S.Ct. 2052). Also, the Second Circuit has instructed that a reviewing court should be "highly deferential" to counsel's performance, because " 'it is all too easy for a court, examining counsel's defense after it has proved unsuccessful, to conclude that a particular act or omission of counsel was unreasonable.' " *Pratt v. Greiner*, 306 F.3d 1190, 1196 (2d Cir.2002) (quoting *Strickland*, 466 U.S. at 689, 104 S.Ct. 2052).

Although the test for ineffective assistance of counsel contains two prongs, the Supreme Court specifically noted that the federal district courts need not address both components if a petitioner fails to establish either one. *Strickland*, 466 U.S. at 697, 104 S.Ct. 2052. "In particular, a court need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies." *Id.*

### (1) As to the Alleged Failure to Present Exculpatory Evidence

■ Kinney argues that counsel should have introduced the following evidence at the trial: (i) information that he had sent a draft editorial journal to a publisher; (ii) witnesses who could vouch for his credibility, and (iii) a memorandum from an interview with the executive director of the DEANY, which Kinney alleges would have shown that he believed their was an escrow account for the journal's publication. According to Kinney, if evidence of a journal publication were introduced at trial, it may have demonstrated that he performed his portion of the contract with DEANY, and that he did not intend to defraud the contributors. In particular, Kinney contends that counsel should have located a receipt from the United Parcel Service ("UPS") which would confirm that he mailed a package to Sun Coast publishing in November 1993. This, Kinney claims, is the "smoking gun" evidence which would have exculpated him of the crimes, because it would show his intent to publish. The Court finds no merit to this argument.

First, even if counsel had located a UPS receipt showing that Kinney mailed something in November 1993, the receipt would not indicate exactly what was in the package. We will never know what was in the package, if in fact it existed. The same holds true for the log book allegedly kept by Kinney's employer, AIA. Kinney claims that counsel should have attempted to locate the log book, which may have shown that Kinney mailed a UPS shipment in November 1993, which, he infers, was the disputed journal. This supposed log book may have indicated that a shipment was made, but the contents of this shipment would still remain a mystery. Further,

the jury heard Kinney testify that he mailed a draft journal to the publisher, and apparently, chose not to believe him. With reasonable certainty, it is unlikely that proof of a mailing, without more, would have changed the jury's verdict. Thus, Kinney has not demonstrated that he suffered prejudice as a result of counsel's performance concerning the alleged evidence of a mailed draft journal.

Contrary to his assertions, the "Memorandum of Interview" with the executive director John Bellizzi ("Bellizzi") of the DEANY, which Kinney attached to his motion as Exhibit D, is not helpful to Kinney's case. In the memo, Bellizzi stated that he had been "pressing" Kinney about the journal's publication often, both in person and on the phone. Further, Bellizzi stated that he "knows nothing about any escrow account kept by Kinney to pay for the journals publications and mailings." (Pet. at Exh. D.) Defense counsel's decision not to offer this potentially harmful document into evidence was not incompetent but rather, it constituted sound trial strategy.

Regarding the witnesses who Kinney alleges that counsel should have presented, Kinney has not shown that counsel's failure to produce them caused him prejudice. Kinney attached to his motion affidavits from Gary Abicht ("Abicht") and Albert Valvo ("Valvo"), which do little more than vouch for his credibility. Abicht's affidavit states that he has worked with Kinney and AIA on a separate fundraising event, unrelated to DEANY, and that he received a journal publication for his specific group, and did not have any problems with Kinney. Valvo, an AIA employee under Kinney's supervision, states that Kinney instructed the employees not to deviate from the approved fundraising script, or "pitch sheets."

Kinney also contends that counsel should have introduced the pitch sheets at trial, because they show a legitimate script that the AIA employees under Kinney's supervision were supposed to follow. Kinney attached two pitch sheets to his motion, neither of which were introduced at trial. Both simply state that a caller should identify the name of the organization for which they are soliciting, and that the purpose of their fundraising efforts is to help underwrite expenses for police officers attending drug enforcement programs. Neither pitch sheet mentions the two publications of the journal that AIA was supposed to produce under its contract.

Even if Valvo and Abicht had testified at trial and counsel introduced the pitch sheets, this evidence alone would not exculpate Kinney. Kinney's instructions to his employees may have appeared legitimate, however, the government presented ample evidence that he did not intend to publish a journal. First, the government offered evidence that an advertising copy of the journal was found in Kinney's office five months after the last promised publication date. Next, the executive director of DEANY testified that he repeatedly inquired about the status of the journal's publication but he never saw any efforts towards publication. Also, a graphic artist testified that he did not receive any copy of the journal despite the fact that he twice reminded Kinney to do so. Further, a contributor testified that he had been told the journal would be published monthly; yet AIA salespersons testified that they knew that no journal would ever be published. Finally, other witnesses who had been solicited by AIA testified that the AIA salesmen had represented themselves as law or drug enforcement officers, and had told them that their donations would be used to educate children about drugs,

and that their advertisement would appear in the next journal.

Neither Valvo nor Abicht's affidavits, nor the contents of the pitch sheets, constitute evidence of Kinney's intent to publish the journals under the contract with DEANY, which was at the heart of the government's case. *See Kinney,* 211 F.3d at 17–18. Counsel may have chosen not to introduce this evidence because it was not directly relevant to the elements of mail fraud and conspiracy. Such a strategic decision is not unreasonable or beyond the scope of adequate representation. *See Bohan v. Kuhlmann,* 234 F.Supp.2d 231, 281 (S.D.N.Y.2002) ("The decision to pursue a certain defense strategy and to call certain witnesses in support of that theory of the case is certainly a tactical decision, and generally not entitled to habeas relief."). In sum, Kinney has not demonstrated the requisite prejudice necessary to sustain an ineffective assistance of counsel claim with regard to his claim that his counsel failed to present witnesses.

### (2) As to the Alleged Failure to Disclose a Conflict of Interest

■ Kinney contends that his trial counsel, Terrance P. Buckley, failed to disclose that he had represented a client in a case where his co-defendant Kevin Kelly, had been a witness. Had Kinney known, he claims that he "likely would have retained another attorney who had no connection at all. At the very least, [Kinney] would have wanted to explore the matter further before deciding whether to continue with Mr. Buckley as my attorney." (Factual Addendum to Section 2255 Mot. at 2.)

The Court finds this claim also has no merit. Kinney has presented no evidence that an actual conflict of interest existed. It is doubtful that even a potential conflict existed. Kinney has not stated to the

Court what the alleged conflict is, but states that "it would have been possible to conduct an inquiry to determine whether there was a conflict" if Mr. Buckley had disclosed to him at the outset that he had previously represented a client where co-defendant Kevin Kelly was a witness. (*See* Pet'r's Reply Mem. of Law at 7.) That Mr. Buckley did not inform Kinney about an unrelated case which presents no perceivable conflict does not render his performance deficient. *See Mickens v. Taylor,* 535 U.S. 1074, 122 S.Ct. 1954, 152 L.Ed.2d 856 (2002) (holding that in order to demonstrate a Sixth Amendment violation, a petitioner must establish that an actual conflict of interest adversely affected his counsel's performance). Here, Kinney has not shown that a conflict existed, or that he suffered any prejudice as a result of the alleged conflict. Thus, he has failed to establish that his Sixth Amendment right to counsel was violated. *Id.* Accordingly, Kinney's ineffective assistance of counsel claim with respect to a conflict of interest is denied.

### (3) As to the Alleged Failure to Effectively Oppose Sentence Enhancement

■ Kinney asserts that counsel failed to effectively argue against a sentence enhancement for acting on behalf of a charitable organization. In his Reply Memorandum, Kinney states that he "already g[ave] a detailed account of the arguments that any competent defense counsel could have made on his behalf (Memo at 22–24), and none of those arguments are refuted by the government." (Pet'r's Reply Mem. at 8). However, the Court did not find these alleged arguments, or the memorandum that Kinney refers to, in any of the submissions before it.

In any event, Kinney presents no evidence to support this claim. Further, as

the Second Circuit found on Kinney's direct appeal, this Court properly enhanced Kinney's sentence. *Kinney,* 211 F.3d at 19–21 ("[T]he district court correctly concluded that defendants had employed misrepresentations about the use of donated funds and their own identities for personal enrichment.... We therefore affirm the application of a two-level enhancement"). Kinney has not shown that counsel's performance caused him prejudice with regard to his sentence enhancement or any of the above issues. Accordingly, Kinney's claim of ineffective assistance of counsel is denied in its entirety.

### *CONCLUSION*

For the foregoing reasons, Kinney's Section 2255 motion to vacate, set aside or correct his sentence is DENIED.

Pursuant to Fed. R.App. P. 22(b) and 28 U.S.C. § 2253(c)(2), a certificate of appealability is denied, as Kinney has not made a substantial showing of a denial of a constitutional right. *Miller–El v. Cockrell,* 537 U.S. 322, 123 S.Ct. 1029, 1039, 154 L.Ed.2d 931 (2003); *Barefoot v. Estelle,* 463 U.S. 880, 893 n. 4, 103 S.Ct. 3383, 77 L.Ed.2d 1090 (1983); *Lucidore v. New York State Div. Of Parole,* 209 F.3d 107, 112 (2d Cir.2000).

The Clerk of the Court is directed to close this case.

**SO ORDERED.**