**Keithroy DAVIS, Petitioner,**

v.

**UNITED STATES of America, Respondent.**

**No. 04CIV 130JGK, 00 CR 527JGK.**

United States District Court, S.D. New York.

Aug. 11, 2004.

Keithroy Davis, York, PA, Pro se.

**OPINION and ORDER**

KOELTL, District Judge.

Keithroy Davis, appearing *pro se*, moves pursuant to 28 U.S.C. § 2255 to vacate his

sentence. The petitioner claims that the Court erred in applying the sentencing enhancements in the United States Sentencing Guidelines ("U.S.S.G."), specifically that the Court incorrectly applied (1) a five-level enhancement for a loss in excess of $10,000; and (2) a two-level enhancement for "more than minimal planning." For the reasons set forth below, the petition is dismissed.

## I.

The petitioner was charged in a one-count Indictment filed on May 15, 2000. The Indictment charged the petitioner with one count of unlawfully, willfully, and knowingly buying, receiving, concealing, and having in his possession, stolen mail matter, specifically approximately twenty-one stolen United States Treasury checks totaling approximately $10,417, in violation of 18 U.S.C. § 1708.

On November 8, 2000, the petitioner entered a plea of guilty to the charge in the Indictment. (Transcript of Plea Allocution dated Nov. 8, 2000 ("11/8/00 Tr.") attached as Ex. A to Govt. Ltr. at 4–5.) On June 11, 2001, this Court sentenced the petitioner principally to a prison term of 18 months, to be followed by three years' supervised release. (Transcript of Sentencing dated June 11, 2001 ("6/11/01 Tr.") attached as Ex. B to Govt. Ltr. at 21–22.) The Court also ordered that the petitioner pay a $100 special assessment. (*Id.* at 23.) Pursuant to U.S.S.G. § 2B1.1(b)(1)(F),[1] the Court increased the petitioner's base offense level of four by five levels to nine because the intended loss exceeded

$10,000. The Court added two levels pursuant to U.S.S.G. § 2B.1(b)(4)(A) because the offense involved more than minimal planning, and subtracted two levels pursuant to U.S.S.G. § 3E1.1(a) based on the petitioner's acceptance of responsibility for his offense. The total offense level was therefore nine, the Criminal History Category was five, and the Guideline Sentencing Range was 18 to 24 months. (*Id.* at 18.) The petitioner raised no objection to the calculation of his offense level. (*Id.* at 12–13, 21.) Final judgment was filed on June 20, 2001, and the petitioner did not appeal his sentence.

On September 12, 2002, the petitioner filed a petition pursuant to 28 U.S.C. § 2241 in the United States District Court for the Middle District of Pennsylvania (Petition for Relief Pursuant to Title 28 U.S.C. § 2241, dated Aug. 24, 2002 (" § 2241 Petition") attached as Ex. C to Govt. Ltr.) The § 2241 Petition raised the same challenges that the petitioner raises before this Court, specifically that this Court erred in: (1) applying a five-point enhancement for a loss exceeding $10,000; and (2) applying a two-point enhancement for "more than minimal planning." (*Id.* at 6–10.) On November 14, 2002, the United States District Court for the Middle District of Pennsylvania dismissed the § 2241 Petition for lack of jurisdiction because the petitioner failed to show why he did not pursue a § 2255 petition before the sentencing court. *Davis v. Gerlinksi*, 02–1627 (M.D.Pa. Nov. 14, 2002) (slip op.). On November 25, 2003, the petitioner filed this motion pursuant to 28 U.S.C. § 2255.[2]

---

1. The Court applied the United States Sentencing Guidelines, effective November 1, 2000, which were the Guidelines in effect at the time of the sentencing.

2. While this petition was filed in the Pro Se Office of the Court on December 4, 2003, the certificate of service is dated November 25,

2003, which is the date the petition is deemed to be filed. See, e.g. *Houston v. Lack*, 487 U.S. 266, 270–71, 108 S.Ct. 2379, 101 L.Ed.2d 245 (1988); *Nelson v. Walker*, 121 F.3d 828, 832 n. 2 (2d Cir.1997); *Brooks v. Artuz*, 2000 WL 1532918, No. 97 Civ. 3300, at *2 (S.D.N.Y. Oct. 17, 2000); see also *Cisse v.*

## II.

The Government argues that the petitioner's motion is untimely under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), which imposes a one-year statute of limitations on motions to vacate, set aside, or correct a sentence imposed in federal court. See 28 U.S.C. § 2255. The limitations period for this claim began to run from the date on which the judgment of conviction became final.[3] Because the petitioner did not appeal, the judgment became final on July 5, 2001, ten days after the final judgment was entered. *See, e.g., Sharpe v. United States,* 02 Civ. 5605, 2003 WL 1964048 (S.D.N.Y. April 24, 2003).

Giving the petitioner credit for every possible tolling period, this petition is untimely because it was filed over one year after the July 5, 2002 expiration of the statute of limitations imposed by AEDPA. Even if the Court were to rely on the filing of the § 2241 Petition in the Middle District of Pennsylvania, this petition would still be untimely because the § 2241 Petition was filed over one month after the statute of limitations had expired.

■ The petitioner argues that the statute of limitations should be equitably tolled. The limitations period under § 2255 may be equitably tolled in rare and exceptional circumstances where the petitioner demonstrates that those circumstances prevented the petitioner from filing the petition on time and that the petitioner acted with reasonable diligence throughout the period the petitioner seeks to toll. See *Green v. United States,* 260

F.3d 78, 82–83 (2d Cir.2001); *Smith v. McGinnis,* 208 F.3d 13 (2d Cir.2000) (listing requirements for equitable tolling for a state habeas corpus petition). In this case, the petitioner has not indicated any extraordinary circumstances that prevented him from filing his petition, and he was aware of all of the grounds he currently asserts from the time of his sentence. (6/11/01 Tr. at 2, 12, 18–19.)

The petitioner claims that he received ineffective assistance of counsel and erroneously relies on *Gutierrez v. Ashcroft,* 289 F.Supp.2d 555 (D.N.J.2003), as support for an equitable tolling argument. In that case, the Court held that the limitations period for a habeas petition filed by an alien would be equitably tolled due to ineffective assistance of counsel where counsel affirmatively and knowingly misrepresented that such a petition had been filed. *Gutierrez,* 289 F.Supp.2d at 568. Here, the petitioner makes no showing that his counsel affirmatively or knowingly misrepresented that he had filed a § 2255 petition. Moreover, *Gutierrez* found equitable tolling only after finding that the misrepresentations resulted in clear prejudice to the petitioner. *Gutierrez,* 289 F.Supp.2d at 568. In this case, for reasons discussed more fully below, the petitioner's claims are without merit, and therefore he cannot show such prejudice.

For all the reasons stated above, the petitioner's motion is untimely and should be dismissed on that ground alone.

## III.

The petitioner's motion is also procedurally barred.

---

*United States,* 2004 WL 1770595, No. 03 Civ. 4205, at *7 n. 7 (S.D.N.Y. Aug. 4, 2004).

**3.** None of the tolling periods delineated in 28 U.S.C. § 2255 apply. The petitioner does not assert, and there is nothing to indicate, that he was prevented from making this motion by

government action or that the petition concerns a right newly recognized and made retroactively applicable by the Supreme Court. Furthermore, the petitioner was informed of the facts supporting the claim at his sentencing (6/11/01 Tr. at 2, 12, 18–19.)

### A.

■ The Government argues that the petitioner is procedurally barred from raising any of his claims because they were not raised on direct appeal. The general rule is that claims not raised on direct appeal by federal prisoners "may not be raised on collateral review unless the petitioner shows cause and prejudice." *Massaro v. United States,* 538 U.S. 500, 504, 123 S.Ct. 1690, 155 L.Ed.2d 714 (2003); *see Bousley v. United States,* 523 U.S. 614, 621–22, 118 S.Ct. 1604, 140 L.Ed.2d 828 (1998); *United States v. Frady,* 456 U.S. 152, 167–68, 102 S.Ct. 1584, 71 L.Ed.2d 816 (1982). "*A fortiori,* such a showing must be made when there is a complete failure to take a direct appeal." *United States v. Pipitone,* 67 F.3d 34, 38 (2d Cir.1995).

The petitioner has not demonstrated cause for the failure to raise his claims on appeal and any actual prejudice. The facts relating to the petitioner's arguments were all known at the time of sentencing, (6/11/01 Tr. at 2, 12, 18–19) and the petitioner has not shown any cause why he could not raise them on appeal. Furthermore, because these claims are without merit for the reasons discussed more fully below, the petitioner cannot show any prejudice from the rulings about which he complains. Given the absence of any showing of cause and prejudice, the claims are procedurally barred.

### B.

■ Additionally, the sentencing arguments raised by the petitioner are not cognizable on a § 2255 motion. Absent a complete miscarriage of justice, claims alleging non-constitutional sentencing errors that have not been raised on direct appeal may not be reviewed on a § 2255 motion. *See Graziano v. United States,* 83 F.3d 587, 590 (2d Cir.1996) (per curiam). The petitioner does not raise any constitutional challenges, and does not show a complete miscarriage of justice. Although the petitioner claims a "manifest miscarriage of injustice" (Petition for Relief Pursuant to 28 U.S.C. § 2255, dated Nov. 25, 2003 (" § 2255 Petition") at 6), there is nothing to support such a claim with regard to his sentencing. The petitioner was explicitly informed that he faced sentencing enhancements in the Pre-sentence Investigation Report (Pre-sentence Investigation Report ("PSR") ¶¶ 3, 24–25, 86), which he read and discussed with his attorney before he voluntarily entered a plea of guilty (6/11/01 Tr., at 12.) Any challenge that the petitioner had regarding alleged violations of the Sentencing Guidelines should have been raised on direct appeal. *See Graziano,* 83 F.3d at 590. The petitioner's claims are therefore procedurally barred.

### IV.

Furthermore, the petitioner's claims are without merit.

### A.

■ The petitioner claims that the Court miscalculated the value of the loss incurred by the petitioner's actions, resulting in a higher sentencing level than appropriate. The Court calculated the intended loss as $10,417, resulting in an increase of five levels over the base offense level. The petitioner argues that, because the stolen checks were never cashed, there was no actual loss. (§ 2255 Petition, at 6–7.) The petitioner argues that the loss should have been calculated as the market value of the checks, and that the market value is best measured by the amount that the petitioner would have accepted in return for the checks. (*Id.*) Since the petitioner sold the checks for $1,400, he argues that $1,400 is the proper value of the loss. (*Id.*)

The text of the Sentencing Guidelines plainly contradicts the petitioner's argument. "Loss" in U.S.S.G. § 2B1.1 means the "value of the property taken, damaged, or destroyed," and not the net profits to the perpetrator of the offense. *See* U.S.S.G. § 2B1.1, App. n. 2 (Nov.2000). Moreover, at the time of the sentencing, Application Note 2 to U.S.S.G. § 2B1.1 specifically directed that "[i]n the case of a theft of a check or money order, the loss is the loss that would have occurred if the check or money order had been cashed." *Id.* Thus the Court was correct in measuring the intended loss as $10,417, the value of the stolen checks had they been cashed.

### B.

■ The petitioner also claims that his acts did not constitute "more than minimal planning" within the meaning of U.S.S.G. § 2B.1(b)(4)(A), and thus did not merit a two-level enhancement under the Sentencing Guidelines. The petitioner argues that this is because he was involved only in the "simple transactions" entailed in the sale of the checks, was not involved in the theft of the checks, and did not attempt to cover up the crime. (§ 2255 Petition, at 6.)

This claim is also without merit. "More than minimal planning" is defined as "more planning than is typical for commission of the offense in a simple form." U.S.S.G. § 1B1.1, App. n. 1(f) (Nov.2000). It is considered present "in any case involving repeated acts over a period of time, unless it is clear that each instance was purely opportune." *Id.* The evidence shows that Davis met with a confidential informant at least four times to negotiate the sale of the checks, and sold checks on two of those occasions. (PSR ¶¶ 10–16.) The degree of planning and negotiations involved clearly indicate that these repeated acts were not purely opportune. Thus the Court did not err in applying a two-level sentence enhancement for "more than minimal planning."

## CONCLUSION

For the reasons explained above, the petitioner's motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 is denied. The Court declines to issue a certificate of appealability pursuant to 28 U.S.C. § 2253(c)(2) because the petitioner has failed to make a substantial showing of the denial of a constitutional right. The Clerk is directed to enter Judgment and to close this case.

**SO ORDERED.**