Raheen DAVIS, Petitioner,

v.

UNITED STATES of America, Respondent.

No. 09 Civ. 5545 (VM).

United States District Court, S.D. New York.

July 10, 2009.

---

Raheen Davis, Brooklyn, NY, pro se.

### DECISION AND ORDER

VICTOR MARRERO, District Judge.

Petitioner Raheen Davis ("Davis") brought this motion pursuant to 28 U.S.C. § 2255 ("§ 2255") to vacate his sentence under a judgment of conviction by which he was found guilty by a jury of distributing or possessing with intent to distribute cocaine base in violation of 21 U.S.C. §§ 812, 841(a)(1), and 841(b)(1)(C). Davis previously filed a § 2255 petition seeking the same relief. *See Davis v. United States,* No. 08 Civ. 7515 (S.D.N.Y. Aug. 26, 2008). By Decision and Order dated Sep-

tember 4, 2008, the Court denied Davis's earlier petition, as well as a subsequent related motion for relief from a final judgment pursuant to Federal Rule of Civil Procedure 60(b). (*See id.,* Docket No. 6.) Davis filed an appeal of that decision that is still pending before the Court of Appeals for the Second Circuit. *See Davis v. United States,* No. 08–5449–pr (2d Cir.2008).

In his original motion, Davis essentially asserted that he was convicted on the basis of evidence fabricated and falsified by a police detective. Specifically, he claimed that a cell phone which a police officer testified Davis had dropped during a chase that subsequently led to his arrest, and which was introduced at trial as a Government exhibit, did not belong to Davis. Davis raised this issue in his direct appeal of his conviction. The Circuit Court, affirming the judgment, rejected the argument. *See United States v. Davis,* Slip. Op. No. 07–2428–cr. (2d Cir. Aug. 20, 2008).

Davis's instant motion makes specific references to numerous claims he labels as "causes of action." Specifically, he lists false arrest, false imprisonment, intentional infliction of emotional distress, malicious and vindictive prosecution, prosecutorial misconduct, deliberate indifference, defamation, slander, ineffective assistance of counsel and due process, and seeks monetary and injunctive relief in respect of such claims. The Court will construe this petition as a motion to amend Davis's original § 2255 motion rather than as a "second or successive" § 2255 motion within the meaning of the Antiterrorism and Effective Death Penalty Act, 28 U.S.C. § 2244(b)(3)(A). *See Ching v. United States,* 298 F.3d 174, 176–77 (2d Cir.2002).

As an initial matter, the Court notes that, other than what a lenient reading of the instant motion may construe as a charge of denial of due process by reason

of prosecutorial misconduct during the trial, as well as ineffective assistance of counsel, that may have affected the outcome of the trial, the other grounds for relief Davis asserts amount to generalized common law claims not implicating any of the cognizable bases for relief under § 2255. *See* 28 U.S.C. § 2255(a); *Graziano v. United States,* 83 F.3d 587, 589–90 (2d Cir.1996) (per curiam) ("collateral attack on a final judgment in a criminal case is generally available under § 2255 only for a constitutional error, a lack of jurisdiction in the sentencing court, or an error of law or fact that constitutes 'a fundamental defect which inherently results in a complete miscarriage of justice'" (*quoting United States v. Bokun,* 73 F.3d 8, 12 (2d Cir. 1995))). As it relates to alleged prosecutorial misconduct in connection with the evidence concerning the cell phone and the police officer's trial testimony pertaining to it, the crux of the argument Davis asserts in the instant motion is a repetition of the same claims that were the subject of his trial motions, direct appeal and his prior § 2255 motion, all of which this Court and the Second Circuit have already rejected as meritless. Davis thus provides no new evidence or legal theory to warrant the habeas relief he seeks on this ground.

■ Equally without merit is any claim of ineffective assistance of counsel. Davis provides no particulars to substantiate his generalized, conclusory reference to ineffective assistance of counsel in his list of causes of action. Insofar as this claim stems from the only issue Davis elaborates—the evidence relating to the cell phone—the Court finds nothing on the record to warrant a finding that counsel's performance in his representation of Davis in the underlying proceedings was substandard under any of the elements of the test set forth in *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). The matter pertaining to the cell phone was the subject of extensive cross-examination and motions during the course of Davis's trial that in the Court's consideration reflected competent representation. To the extent this argument may be grounded on any of the other causes of action Davis enumerates, Davis's assertion of ineffective assistance of counsel must be rejected. Failure to raise irrelevant or otherwise meritless arguments cannot support such a claim. *See United States v. Arena,* 180 F.3d 380, 396 (2d Cir.1999).

Having reviewed Davis's instant motion in the light of his trial and post-trial proceedings, the Court finds that the files and records of the case show conclusively that Davis is entitled to no relief. *See* 28 U.S.C. § 2255(b).

### *ORDER*

For the reasons stated above, it is hereby

**ORDERED** that the motion (Docket No. 1) of defendant Raheen Davis ("Davis") to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255 is DENIED.

The Clerk of Court is directed to close this case.

As Davis has not made a substantial showing of a denial of a constitutional right, a certificate of appealability will not issue. *See* 28 U.S.C. § 2255(c).

**SO ORDERED.**