**Jesus RODRIGUEZ, Petitioner,**

v.

**UNITED STATES of America, Respondent.**

**Nos. 3:94CR223 (PCD), 3:99CV863 (PCD).**

United States District Court, D. Connecticut.

Sept. 14, 1999.

Jesus Rodriguez, White Deer, PA, petitioner pro se.

*RULING ON PENDING MOTIONS*

DORSEY, District Judge.

Petitioner Jesus Rodriguez ("Rodriguez" or "Petitioner"), *pro se*, moves to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. Petitioner also moves for appointment of counsel, a downward departure, and an evidentiary hearing. For the following reasons, the motions are **denied.**

## I. BACKGROUND

Petitioner was indicted with 37 co-defendants in an eighty-five count superseding indictment on March 13, 1995. Rodriguez was charged in counts twelve through fifteen with conspiracy to commit assault in aid of racketeering and assault in aid of racketeering, in violation of 18 U.S.C. §§ 1959(a)(3) and (6), and 2. On November 13, 1995, Rodriguez pled guilty to count thirteen of the indictment, charging him with aiding and abetting an assault with a dangerous weapon in aid of racketeering in violation of 18 U.S.C. § 1959(a)(3).

The Probation Office's pre-sentence report ("PSR") calculated the total offense

level as 26 and the Criminal History Category as IV. At the July 22, 1996 sentencing, the Court reduced the offense level to 23, reflecting Petitioner's acceptance of responsibility and resulting in a guideline range of 70–87 months. The Court sentenced Rodriguez to 72 months imprisonment, followed by three years of supervised release. This sentence was to run concurrently to the state sentence Petitioner was then serving. Rodriguez did not directly appeal his conviction or sentence.

Rodriguez's § 2255 petition claims that his prior convictions were assigned the incorrect number of points, thereby placing him in Category IV rather than Category III. Petitioner claims that two of his prior convictions should have been assigned only one point each, and not deemed "sentence[s] of imprisonment" under U.S.S.G. § 4A1.1(b), which are calculated at two points. Rodriquez claims ineffective assistance of counsel, since his attorney should have discovered the erroneous calculation of his criminal history category.

## II. DISCUSSION

Petitioner moves, *inter alia*, to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255, which provides that

> [a] prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

In general, such remedy is available "only for a constitutional error, a lack of jurisdiction in the sentencing court, or an error of law or fact that constitutes 'a fundamental defect which inherently results in a complete miscarriage of justice.'" *United States v. Bokun*, 73 F.3d 8, 12 (2d Cir. 1995) (quoting *Hill v. United States*, 368 U.S. 424, 428, 82 S.Ct. 468, 7 L.Ed.2d 417 (1962)).

■ It is highly questionable whether Petitioner's claim of a mischaracterization of his criminal history category constitutes such error.[1] Because his claim not only lacks merit but is time-barred, that issue is not reached. The motions are resolved as follows.

### A. *Motion to Vacate, Set Aside, or Correct Sentence*

■ The government asserts that Petitioner is time-barred from raising his claims since his petition was filed over one year after his conviction became final. The Antiterrorism and Effective Death Penalty Act ("AEDPA") of 1996 imposed a one year limitation on § 2255 petitions. The limitation in the case at bar runs from "the date on which the judgment of conviction becomes final." 28 U.S.C. § 2255. The AEDPA fails to define "final" with respect to a § 2255 petition. It has been found that the statute of limitations runs from "the conclusion of direct review or the expiration of the time for seeking such review." *Baskin v. United States*, 998 F.Supp. 188, 189 (D.Conn.1998). Thus, the statute began to run after the ten day period for filing a notice of appeal elapsed on August 1, 1996. Petitioner did not file this petition until May 10, 1999, over a year and nine months after the statute of limitations lapsed.

Exceptions to the one year limitation based on ineffective assistance of counsel have been made. *Baskin*, 998 F.Supp. at

---

**1.** Most likely, it would not. Where a § 2255 motion challenges application of the sentencing guidelines, such a claim is not considered where Petitioner fails to raise it on direct appeal, absent a "complete miscarriage of justice." *Graziano v. United States*, 83 F.3d 587, 590 (2d Cir.1996).

189 (allowing for equitable tolling of statute where delay was due to counsel's error). Rodriguez makes no claim that his counsel was responsible for his delay in filing. Absent reason for equitable tolling, the petition is time-barred.

■ On the merits, Petitioner would not be entitled to relief. He argues that he was erroneously categorized a IV instead of a III, with a resulting higher guideline range of 70–87 months due to error in the number of points assigned to two of his prior convictions.

Section 4A1.1 of the U.S.S.G. provides, in relevant part:

> The total number from items (a) through (f) determine the criminal history category in the Sentencing Table in Chapter Five, Part A.
>
> (a) Add 3 points for each prior sentence of imprisonment exceeding one year and one month.
>
> (b) Add 2 points for each prior sentence of imprisonment of at least sixty days not counted in (a);
>
> (c) Add 1 point for each prior sentence not counted in (a) or (b), up to a total of 4 points for this item. . . .

A "sentence of imprisonment" is the maximum sentence of incarceration imposed. U.S.S.G. § 4A1.2(b). "[T]o qualify as a sentence of imprisonment, the defendant must have actually served a period of imprisonment on such sentence . . . . [but] the criminal history points are based on the sentence pronounced, not the length of time actually served." U.S.S.G. § 4A1.2 Application Notes.

Petitioner maintains that the court never pronounced a "sentence of imprisonment" with respect to the questioned convictions. Rather it sentenced him to time served, in each case unquestionably over 60 days. Petitioner argues that unless a judge specifically articulates the amount of time "time served" refers to, such sentence cannot constitute a sentence of imprisonment. Thus, despite having served over 60 days for each of the two convictions in question, Petitioner maintains these sentences should come under § 4A1.1(c), not 4A1.1(b), and receive one point each, not two.

Petitioner's claim lacks merit. A judge's sentence of time served necessarily incorporates the time a defendant was imprisoned prior to trial, unless specifically stated otherwise. A sentence of time served, *i.e.*, the period of time served, *does* constitute a sentence of imprisonment. *United States v. Rodriguez–Lopez*, 170 F.3d 1244, 1246 (9th Cir.1999) (finding criminal history calculation for prior conviction correct under U.S.S.G. § 4A1.1(b) where defendant had been sentenced to time served and had served sixty-two days between arrest and sentence).

Rodriguez could not have been deprived of effective assistance of counsel. To prevail on this claim, Petitioner must show that "counsel's representation fell below an objective standard of reasonableness." *Strickland v. Washington*, 466 U.S. 668, 688, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). It must overcome the strong presumption "that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action 'might be considered sound trial strategy.'" *Id.* at 689, 104 S.Ct. 2052. Also, Petitioner must demonstrate "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694, 104 S.Ct. 2052.

There was no error in the PSR that counsel here failed to contest. Even if there were such an error, the absence of an objection to it would not have been so unreasonable as to fail the *Strickland* test. Thus, the Motion to Vacate, Set Aside, or Correct Sentence is **denied.**

B. *Motion for Appointment of Counsel*

Petitioner requests court-appointed counsel. Appointment of counsel for a fi-

nancially eligible person seeking relief under § 2255 is allowed if the "interests of justice so require." 18 U.S.C. § 3006A(2)(B). As counsel would serve no function since Petitioner's claims are meritless and time-barred, the Motion for Appointment of Counsel is **denied.**

### C. *Motion for Downward Departure*

█ Petitioner next asks for a downward departure for "his extraordinary rehabilitative efforts during his incarceration." While 18 U.S.C. § 3553 and the Sentencing Guidelines allow some flexibility in sentencing, they do not authorize a revisit to reduce a sentence on the basis of post-sentence rehabilitation. Petitioner is commended for his rehabilitative accomplishments, but his Motion for Downward Departure must be **denied.**

### D. *Motion for Evidentiary Hearing*

Finally, Petitioner moves for an evidentiary hearing. Section 2255 petitions may be denied without a hearing where the "motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255. Where, as here, a petitioner's claims are all meritless or procedurally barred, a hearing is not required. *Graziano v. United States*, 83 F.3d 587, 590 (2d Cir. 1996). The Motion for Evidentiary Hearing is **denied.**

### III. *CONCLUSION*

Petitioner Jesus Rodriguez's motions to vacate, set aside, or correct his sentence (doc.2087); for appointment of counsel (doc.2098); for downward departure (doc. 2099); and for an evidentiary hearing (doc. 2100) are **denied.**

SO ORDERED.