**UNITED STATES of America,**
**Appellee,**

v.

**Miguel D'OLIVEIRA, also known as Miguel Doliveira, also known as Nathaniel Moreira, Defendant–Appellant.**

**Docket No. 04–2736–CR.**

United States Court of Appeals, Second Circuit.

Argued: Feb. 10, 2005.

Decided: March 22, 2005.

Colleen P. Cassidy, Legal Aid Society, Federal Defender Division, Appeals Bureau, New York, N.Y., for Defendant–Appellant.

Paige Petersen, Asst. U.S. Atty., Brooklyn, N.Y. (Roslynn R. Mauskopf, U.S. Atty., Jo Ann M. Navickas, Asst. U.S. Atty., Brooklyn, N.Y. on the brief), for Appellee.

Before: SOTOMAYOR and KATZMANN, Circuit Judges, and CEDARBAUM,* District Judge.

CEDARBAUM, District Judge.

Defendant-appellant Miguel D'Oliveira, who reentered the United States after having been removed following his conviction for an aggravated felony, appeals from the judgment of sentence entered May 12, 2004 in the United States District Court for the Eastern District of New York (John Gleeson, J.). Specifically, he contests the forty-four months' imprisonment portion of the sentence. We affirm the calculation under the United States Sentencing Guidelines ("Guidelines" or "U.S.S.G."), but in view of *United States v. Booker*, —— U.S. ——, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005), remand in accordance with *United States v. Crosby*, 397 F.3d 103 (2d Cir.2005), to give the district judge an opportunity to consider whether resentencing is needed, and if so, to resentence.

On October 30, 2000, D'Oliveira was convicted in the United States District Court for the District of South Carolina of conspiracy to distribute and possession with intent to distribute heroin. He was sentenced to thirty months' imprisonment, three years of supervised release and a

---

* The Honorable Miriam Goldman Cedarbaum, United States District Judge for the Southern District of New York, sitting by designation.

$200 special assessment. The government subsequently moved for a reduction of D'Oliveira's sentence pursuant to Fed. R.Crim.P. 35(b), and D'Oliveira was resentenced to "time served". At the time of resentencing, D'Oliveira had actually spent approximately twenty-one months in custody. Shortly after his release, he was removed to the Republic of Benin.

On January 30, 2004, D'Oliveira pleaded guilty in the United States District Court for the Eastern District of New York to illegal reentry into the United States in violation of 8 U.S.C. § 1326. Pursuant to § 2L1.2 of the Guidelines, applicable to such a violation, the district court added a sixteen-level enhancement to the base level of eight because the "sentence imposed" for appellant's prior drug trafficking offense "exceeded 13 months." U.S.S.G. § 2L1.2(b)(1)(A). D'Oliveira was ultimately sentenced to forty-four months in prison.

■ D'Oliveira now appeals from his sentence, first on the ground that a sentence of "time served" is not a "sentence imposed" for purposes of § 2L1.2, and accordingly, the sentence he received for the aggravated felony did not exceed thirteen months. D'Oliveira notes that the commentary to § 2L1.2 refers for a definition of "sentence imposed" to the definition given "sentence of imprisonment" in Application Note 2 to Guideline § 4A1.2. See U.S.S.G. § 2L1.2, cmt. n.1(B)(vii). Application Note 2 to Guideline § 4A1.2 provides in relevant part as follows:

> [T]he length of a sentence of imprisonment is the stated maximum .... That is, criminal history points are based on the sentence pronounced, not the length of time actually served.

Based on this language, D'Oliveira contends that a sentence of "time served" is not a "sentence imposed" for purposes of § 2L1.2 because the sentencing judge did not specifically articulate a number to which "time served" refers. Thus, despite having actually served twenty-one months in prison on the felony drug conviction, D'Oliveira argues that he was entitled to the lesser twelve-level enhancement that § 2L1.2(b)(1)(B) provides where "the sentence imposed was 13 months or less". We think this argues too much.

Essentially, D'Oliveira contends that no sentence of "time served" can ever be treated as exceeding thirteen months. On D'Oliveira's theory, a person sentenced to an eighty year prison term who is resentenced after fifty years to "time served" could argue that his new sentence did not exceed thirteen months. We decline to interpret the Guidelines to require such an absurd result.

Rather, we think the district court correctly treated the sentence of "time served" as an unambiguous pronouncement of a specific term of imprisonment— the amount of time actually served. Other courts that have considered this question in connection with determining criminal history have reached the same conclusion. See United States v. Rodriguez–Lopez, 170 F.3d 1244, 1246 (9th Cir.1999) (treating "time served" sentence as "sentence of imprisonment of at least sixty days" where defendant served sixty-two days between arrest and sentence); Rodriguez v. United States, 111 F.Supp.2d 112, 114 (D.Conn. 1999) ("A sentence of time served, i.e., the period of time served, does constitute a sentence of imprisonment."). Because the Guidelines require that a sentence of "time served" be treated as a specific term of imprisonment, D'Oliveira's argument that the exact amount of time served may be fortuitous is beside the point. See United States v. Atkinson, 15 F.3d 715, 721 (7th Cir.1994) (rejecting the argument that "because the amount of time a defendant serves prior to sentencing is often a func-

tion of a defendant's inability to make bond, it would be unfair to consider the time served ... to be a sentence of imprisonment" because the argument "ignores the plain language of the ... Guidelines").

We reject D'Oliveira's alternative argument that the district court misapprehended its authority to depart downward from the Guidelines. D'Oliveira sought a departure on the ground that the Sentencing Commission, in drafting the Guidelines, did not adequately consider that the length of a "time served" sentence may result from delay in a cooperating witness' re-sentencing unrelated to the severity of the offense.

It is clear from the record that Judge Gleeson understood his authority to depart downward, and chose not to do so. Even when the Guidelines were mandatory, a judge's refusal to depart downward was not appealable as long as the judge understood the scope of his authority. *United States v. Mercado,* 349 F.3d 708, 711 (2d Cir.2003); *United States v. Brown,* 98 F.3d 690, 692, 693–94 (2d Cir.1996). We therefore do not review Judge Gleeson's refusal to grant a downward departure here.

■ Finally, relying on *Blakely v. Washington,* —— U.S. ——, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004), appellant contends that his Guidelines sentence was unconstitutional. *Crosby* teaches that in cases to which the Supreme Court's decision in *Booker* applies, we should remand for determination by the sentencing judge whether a materially different sentence would have been imposed if at the time of sentencing the Guidelines had been advisory, and if so, to resentence. *Crosby,* 397 F.3d at 117–18.

For the foregoing reasons, we agree with the district court's determination of the appropriate Guidelines sentence but remand for further proceedings in accordance with *Crosby.* Any appeal taken from the district court following this re-

mand can be initiated only by filing a new notice of appeal. *See* Fed. R.App. P. 3, 4(b).