UNITED STATES of America,
Appellee,

v.

Juan SANTOS, also known as Polo, and Alejandro Paulino, also known as Alex, Defendants,

Angel Rodriguez, Faustino Delarosa, Edgardo Vazquez Baez, Kenneth Rodriguez, Defendants–Appellants.

No. 03–1639.

United States Court of Appeals, Second Circuit.

Oct. 3, 2005.

Stephen A. Miller, Assistant United States Attorney (David N. Kelley, United States Attorney for the Southern District of New York, on the brief, Katherine Polk Failla, Assistant United States Attorney), New York, NY, for Appellee, of counsel.

Joel K. Dranove, New York, NY, for Appellant Angel Rodriguez.

George R. Glotzer, New York, NY, for Appellant Faustino Delarosa.

Amelio P. Marino, Marino & Veneziano, New York, NY, for Appellant Edgardo Vazquez Baez.

B. Alan Seidler, New York, NY, for Appellant Kenneth Rodriguez.

Present: CALABRESI, POOLER, and B.D. PARKER, Circuit Judges.

## SUMMARY ORDER

ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, AD-JUDGED, AND DECREED that the judgment of said District Court be and it hereby is **AFFIRMED** in part, that the appeal is **DISMISSED** in part, and that the case be **REMANDED** pursuant to *United States v. Crosby*, 397 F.3d 103 (2d Cir.2005).

Defendants-appellants Angel Rodriguez, Faustino Delarosa, Edgardo Vazquez Baez, and Kenneth Rodriguez were indicted ("Indictment 798") on charges (1) of conspiracy to commit robbery in violation of the Hobbs Act, 18 U.S.C. § 1951, and (2) of both conspiracy and attempt to distribute and possess narcotics ("narcotics count"), 21 U.S.C. §§ 841, 846. While Kenneth Rodriguez ("K. Rodriguez") was released on bail in connection with the Indictment 798 charges, he was arrested and indicted for new conduct ("Indictment 1230"). Because this new conduct followed much the same pattern as the activities underlying the charges alleged in Indictment 798, Indictment 1230 contained charges against K. Rodriguez that were virtually identical to the Indictment 798 charges.

After a jury trial in the United States District Court for the Southern District of New York (Duffy, *J.*) on Indictment 798, all four defendants were convicted on the Hobbs Act conspiracy to rob count, and K. Rodriguez was additionally convicted on the narcotics count. Eight days after the jury reached its verdict on the Indictment 798 charges, the United States District Court for the Southern District of New York (Batts, *J.*) accepted K. Rodriguez's plea of guilty to the charges included in Indictment 1230. Specifically, K. Rodriguez pleaded guilty to a Hobbs Act robbery conspiracy, in violation of 18 U.S.C. § 1951, and two counts of narcotics violations, in violation of 21 U.S.C. § 846. After accepting the guilty plea, Judge Batts transferred the Indictment 1230 case to Judge Duffy. The two cases were consolidated at this stage and K. Rodriguez's judgment of conviction as to all charges

was entered on April 19, 2004. The instant appeals ensued. We assume the parties' familiarity with the facts, proceedings below, and specification of issues on appeal.

The four defendants raise a number of challenges to their convictions and sentences. The summary order does not address the appellate claims of Angel Rodriguez, Faustino Delarosa, or Edgardo Vazquez Baez, which are addressed in a separate opinion issued today. With respect to K. Rodriguez, we make the following rulings:

■ (1) K. Rodriguez argues that his counsel was ineffective by allowing him to go to trial on Indictment 798 and advising him on his plea to Indictment 1230. This Court is generally disinclined to resolve ineffective assistance claims on direct review and would rather that they be resolved by the district court on a motion brought under 28 U.S.C. § 2255. *See Massaro v. United States,* 538 U.S. 500, 504, 123 S.Ct. 1690, 155 L.Ed.2d 714 (2003); *United States v. Venturella,* 391 F.3d 120, 135 (2d Cir.2004). Because we would need to resolve factual issues that were not fully developed before the district court, we deny K. Rodriguez's ineffective assistance of counsel claim without prejudice to its reassertion in a Section 2255 petition. *See Venturella,* 391 F.3d at 135.

(2) K. Rodriguez claims that the district court's denial of his motion to withdraw his plea of guilty to Indictment 1230 was erroneous. This Court reviews a district court's denial of a motion to withdraw a guilty plea for abuse of discretion. *See United States v. Maher,* 108 F.3d 1513, 1529 (2d Cir.1997). K. Rodriguez argues that he was innocent and that his plea was not voluntary because (a) trial counsel had misrepresented to him that he would get a sentence of twelve years or less as a total sentence if he pleaded guilty, and (b) trial

counsel knew that he was not thinking clearly because he was depressed and despondent after losing his jury trial eight days earlier. Because K. Rodriguez's motion to withdraw his claim rests entirely on his ineffective assistance of counsel claim, we cannot make a ruling without first resolving the ineffective assistance claim. *See United States v. Hernandez,* 242 F.3d 110, 112 (2d Cir.2001). As we concluded above, we believe the resolution of the ineffective assistance of counsel claim is best left to a Section 2255 proceeding.

(3) If K. Rodriguez's counsel is found not to be ineffective, we hold that the district court did not abuse its discretion in denying K. Rodriguez's motion to withdraw his plea. Judge Batts fully informed K. Rodriguez of the meaning and consequences of his plea during the plea colloquy and K. Rodriguez knowingly and voluntarily entered into the plea. *See United States v. Couto,* 311 F.3d 179, 188–89 (2d Cir.2002) (describing the requirements for a plea colloquy that ensures a knowing and voluntary plea). Moreover, K. Rodriguez's motion to withdraw was further undercut by the fact that it was filed eight months after his guilty plea. *See United States v. Lopez,* 385 F.3d 245, 253 (2d Cir.2004) (stating that, in response to a motion to withdraw, a district court considers, inter alia, "the amount of time that has elapsed between the plea and the motion to withdraw"); *see also United States v. Grimes,* 225 F.3d 254, 259 (2d Cir.2000) (affirming denial of motion to withdraw, in part, based on passage of five months between plea and motion to withdraw).

(4) K. Rodriguez challenges the district court's sentencing determinations in several ways. As an initial matter, we note that we have the discretion, prior to a *Crosby* remand, to decline to decide disputes regarding the United States Sentencing Guidelines ("Guidelines"). *See United*

States v. Fagans, 406 F.3d 138, 141 (2d Cir.2005). Despite one exception, we elect to resolve K. Rodriguez's challenges to the district court's Guidelines determinations. We review the district court's interpretation of the Guidelines de novo and its findings of fact for clear error. *United States v. Rubenstein*, 403 F.3d 93, 99 (2d Cir.2005).

■ K. Rodriguez argues that the district court miscalculated and improperly held him accountable for a range of 15 to 50 kilograms of cocaine, which yielded a base offense level of 34, U.S.S.G. § 2D1.1(c)(3), rather than a range of 5 to 10 kilograms, which would have yielded a base offense level of 32, *id.* at (c)(4). This argument fails. K. Rodriguez's post-arrest statement indicated that he planned to obtain approximately ten kilograms of cocaine during the Indictment 798 conspiracy to rob. At his guilty plea in connection with Indictment 1230, K. Rodriguez stated that the amount of cocaine involved in that conspiracy was "more than 5 kilos." Adding these two admissions together, the district court did not clearly err in determining that the offense involved at least 15 kilograms of cocaine. *See* U.S.S.G. § 3D1.2(d).

■ K. Rodriguez also disputes the district court's imposition of a three point enhancement based on a finding of possession of a dangerous weapon. U.S.S.G. § 2B3.1(b)(2)(E). This claim fails because, by K. Rodriguez's own admission regarding Indictment 798, he was involved in a conspiracy to *rob*, which is a crime that involves force, the threat of force, or fear of injury. 18 U.S.C. § 1951. Moreover, three knives were found on the scene, two of which were found in K. Rodriguez's Jeep Cherokee. Based on the above, and the circumstances of this case, we do not find that the district court clearly erred.

■ We further conclude that the district court's decision to decline to downwardly depart based on K. Rodriquez's family circumstances is not appealable because the record indicates that Judge Duffy was aware of his authority to downwardly depart but simply declined to do so in this case. *See United States v. D'Oliveira*, 402 F.3d 130, 133 (2d Cir.2005) ("[A] judge's refusal to depart downward [is] not appealable as long as the judge understood the scope of his authority."). K. Rodriguez's citation to his father's sickness and work disabilities, his ten year-old son, and his own health problems, demonstrates some difficult circumstances. K. Rodriguez points to nothing in the record, however, that suggests that Judge Duffy misunderstood his ability to downwardly depart. *See id.*

Finally, K. Rodriguez challenges the district court's two-level obstruction of justice increase, *see* U.S.S.G. § 3C1.1. This increase was principally based on the district court's determination that K. Rodriguez's affidavit of innocence, submitted along with his motion to withdraw his plea, was perjurious. The district court found that this filing directly contradicted K. Rodriguez's sworn statements of guilt to Judge Batts at the Indictment 1230 plea allocation. *See United States v. Grimes*, 225 F.3d 254, 258, 260 (2d Cir.2000) (holding that it was not clear error for the district to find that defendant's statements of guilt at the plea and later affidavit of innocence indicated perjury and merited an obstruction of justice sentence enhancement). Because K. Rodriguez's ineffective assistance of counsel claim goes to the heart of his motion to withdraw his plea, we do not comment on the district court's obstruction of justice determination at this time. *See Fagans*, 406 F.3d at 141 ("If the issue concerning the correctness of a Guidelines calculation is difficult, an appellate court might understandably prefer not to resolve

the issue upon an initial appeal of a pre-*Booker* sentence . . .").

We have considered K. Rodriguez's remaining arguments and find them to be without merit.

Based on the foregoing, we affirm K. Rodriguez's conviction, dismiss his appeal as to the district court's decision not to depart downward, and grant a *Crosby* remand for consideration of whether to resentence. We do not decide K. Rodriguez's ineffective assistance of counsel claim without prejudice to its resolution pursuant to a 28 U.S.C. § 2255 proceeding.