**UNITED STATES of America,
Appellee,**

v.

**Gerald PELAEZ, Defendant–Appellant.**

**No. 05–3759–CR.**

United States Court of Appeals,
Second Circuit.

Jan. 31, 2006.

Carlos Moreno, New York, New York, for Defendant–Appellant.

Jacob W. Buchdahl, Assistant United States Attorney (Michael J. Garcia, United

States Attorney for the Southern District of New York, Katherine Polk Failla, Assistant United States Attorney, on the brief), New York, New York, for Appellee.

PRESENT: Hon. JOHN M. WALKER, Jr., Chief Judge, Hon. JON O. NEWMAN, and Hon. ROBERT A. KATZMANN, Circuit Judges.

## SUMMARY ORDER

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED** that the judgment of the district court be and it hereby is **AFFIRMED.**

Defendant-appellant appeals from a sentence of time served entered May 16, 2005, by the district court (Michael B. Mukasey, *Judge*) under a plea agreement. Defendant pled guilty to passport fraud and failure to appear. The government and defendant agreed to accept a Guidelines sentence within the range of six to twelve months. Because defendant had served approximately thirteen months when his plea agreement was accepted by the district court, the court sentenced defendant to time served plus a fine and a two-year period of supervised release.

Defendant appears to contend that because his actual sentence exceeded the Guideline range, he is entitled to the dismissal of his period of supervised release because it is an additional and unjustified burden. Where a defendant is sentenced to "time served," his prison term is the actual period of incarceration. *See United States v. D'Oliveira,* 402 F.3d 130, 132 (2d Cir.2005). Therefore, defendant's actual sentence exceeded both his agreed-upon sentence and the Guidelines range. However, having already served his sentence and now having been released, defendant's challenge, which goes only to the length of his sentence, is now moot. *United States v. Mercurris,* 192 F.3d 290, 293–94 (2d Cir.1999) (citing *Spencer v. Kemna,* 523 U.S. 1, 8–13, 118 S.Ct. 978, 140 L.Ed.2d 43 (1998)). Defendant articulates no collateral consequences attendant to his sentence term that would furnish standing.

To the extent that defendant seeks a reduction in his term of supervised release in recompense for his over-long detention, such relief is unavailable under 18 U.S.C. § 3624(e), *see United States v. Johnson,* 529 U.S. 53, 57–60, 120 S.Ct. 1114, 146 L.Ed.2d 39 (2000), but may be available, in the district court's discretion, upon a proper application. *See* 18 U.S.C. § 3583(e)(1), (2); *Johnson,* 529 U.S. at 60, 120 S.Ct. 1114.

We have considered defendant's remaining contentions and find them without merit.

For the reasons set forth above, the judgment of the District Court for the Southern District of New York is hereby **AFFIRMED.**