278

**UNITED STATES of America, Appellee**

v.

**Mohamed SOW, also known as "Mamadou Diallo", "Mohamed Balde", Defendant–Appellant.**

No. 05–3774–cr.

United States Court of Appeals, Second Circuit.

May 15, 2006.

Steven D. Feldman, Assistant United States Attorney, Southern District of New York (Michael J. Garcia, United States Attorney, on the brief), New York, NY, for Appellee.

B. Alan Seidler, New York, NY, for Defendant–Appellant.

PRESENT: Hon. THOMAS J. MESKILL, Hon. CHESTER J. STRAUB, and Hon. ROBERT A. KATZMANN, Circuit Judges.

## SUMMARY ORDER

Defendant–Appellant Mohamed Sow appeals from a judgment entered in the United States District Court for the Southern District of New York imposing a sentence consisting principally of 51 months' imprisonment. We assume the parties' familiarity with the facts, procedural history, and issues on appeal.

First, we may not review the District Court's refusal to depart downwardly from the Sentencing Guidelines range of 41 to 51 months' imprisonment unless the District Court misunderstood the scope of its authority to depart. *See United States v. Valdez,* 426 F.3d 178, 184–86 (2d Cir.2005). Here, the District Court noted that "the Court has the power to depart downward on account of extraordinary medical conditions and/or family circumstances," then "considered carefully this departure authority and the information proffered by the defense," and finally concluded "that no downward departure is warranted ... in this case." Because the District Court understood the scope of its authority to depart from the Sentencing Guidelines, we may not review its refusal to do so in these particular circumstances. *See United States v. D'Oliveira,* 402 F.3d 130, 133 (2d Cir.2005).

Further, the District Court's sentence of 51 months is substantively reasonable. Pursuant to *United States v. Crosby,* 397 F.3d 103, 111–12 (2d Cir.2005), in determining a reasonable sentence a district court must consider the Sentencing Guidelines range along with the other § 3553(a) factors. While urging generally that his sentence is unreasonable, Sow challenges neither the District Court's computation of the sentencing range nor its consideration of any specific § 3553(a) factor. In any event, however, the District Court properly considered those factors and imposed a reasonable sentence.

Specifically, the District Court found that "it is clearly Congress' policy decision to treat seriously and punish with significant sentences these sorts of intellectual property and music pirating offenses,"

which relates directly to the "seriousness of the offense." *See* 18 U.S.C. § 3553(a)(2)(A). Further, by stating that the Court must "consider[ ] consistency of sentencing and the public deterrent effect of sentencing," the District Court properly considered "the need to avoid unwarranted sentence disparities" and "the need for the sentence imposed ... to afford adequate deterrence to criminal conduct." *See* 18 U.S.C. § 3553(a)(2)(B), (a)(6).

In addition, the District Court found that the documented actual loss represented only a fraction of the total illegal activity in which Sow was involved, and that such activity "likely had a significant impact on the United States recording industry." This finding was relevant to "the nature and circumstances of the offense." *See* 18 U.S.C. § 3553(a)(1). Finally, the District Court considered Sow's medical status and family circumstances "both in the overall holistic analysis and also, specifically, as to whether either or both circumstances would warrant a downward departure." In light of the District Court's full and reasoned consideration of the § 3553(a) factors, we cannot say that it "exceeded the bounds of allowable discretion. . . ." *United States v. Fernandez*, 443 F.3d 19, 27 (2d Cir.2006) (internal quotation marks omitted). Accordingly, Sow's sentence is reasonable.

For the foregoing reasons, the judgment of the District Court is AFFIRMED.