**UNITED STATES of America,**
**Appellee,**

v.

**Richard MARTIN, Defendant–**
**Appellant.**

**No. 05–1889–CR.**

United States Court of Appeals,
Second Circuit.

May 16, 2006.

Howard D. Simmons, Law Office of Howard D. Simmons, New York, NY, for Defendant–Appellant.

Caren Myers, Assistant United States Attorney (Roslynn R. Mauskopf, United States Attorney for the Eastern District of New York, on the brief; David C. James, Assistant United States Attorney, of counsel), Brooklyn, NY, for Appellee.

PRESENT: WILFRED FEINBERG, SONIA SOTOMAYOR, and PETER W. HALL, Circuit Judges.

**SUMMARY ORDER**

Defendant-appellant Richard Martin appeals from an April 14, 2005 judgment of the United States District Court for the Eastern District of New York (Sifton, J.) convicting him, upon his guilty plea, of transmitting child pornography in interstate commerce in violation of 18 U.S.C. § 2252A(a)(1). Martin was sentenced principally to 60 months' imprisonment and three years of supervised release. We assume the parties' familiarity with the facts of this case, its relevant procedural history, and the issues on appeal.

Martin contends that the district court abused its discretion when it failed to downwardly depart from the five-year mandatory minimum term of imprisonment imposed by § 2252(A)(b)(1). We disagree. First, we note that Martin is barred from challenging his sentence because, in his plea agreement, he knowingly and voluntarily waived his right to appeal any term of imprisonment of 87 months or less. *See United States v. Roque,* 421 F.3d 118, 121–23 (2d Cir.2005) (explaining that waivers of right to appeal sentence, entered into knowingly and voluntarily, are enforceable). Second, even if the waiver were ineffective, a district court's refusal to downwardly depart is not reviewable on appeal unless the case fits within certain narrow exceptions, none of which are present here. *See United States v. D'Oliveira,* 402 F.3d 130, 133 (2d Cir.2005). Third, it was not unreasonable for the district court to impose the statutorily mandated minimum sentence of five years. *See United States v. Fuller,* 426 F.3d 556, 560 (2d Cir.2005) ("[T]he proper standard of review for sentences is 'reasonableness.' "); *United States v. Sharpley,* 399 F.3d 123, 127 (2d Cir.2005) (holding that the district court's use of the Sentencing Guidelines as a mandatory regime was harmless error because appellant could not receive a lesser sentence than the mandatory minimum required by § 2251(d)).

For the first time on appeal, Martin asserts also that imposing a five-year sen-

tence of imprisonment violates the Eighth Amendment's prohibition against cruel and unusual punishments because the Federal Bureau of Prisons ("BOP") cannot adequately care for his needs as a paraplegic. We hold that the district court did not err in imposing the five-year sentence. *See Johnson v. United States,* 520 U.S. 461, 465–67, 117 S.Ct. 1544, 137 L.Ed.2d 718 (1997) (stating that claims not raised below are reviewed for plain error). Martin cites no case to support his contention that the sentencing of a paraplegic individual to five years in a federal prison is, in itself, violative of the Eighth Amendment. Here, the district court imposed the sentence after a hearing at which a BOP officer testified without contradiction that the BOP facilities could provide necessary care for paraplegic inmates. Moreover, the sentence is not unconstitutionally disproportionate to the crime Martin committed, even in light of his physical disability. *See United States v. Yousef,* 327 F.3d 56, 163 (2d Cir.2003) ("The Eighth Amendment forbids only extreme sentences that are grossly disproportionate to the crime, and, with the exception of capital punishment cases, successful Eighth Amendment challenges to the proportionality of a sentence have been exceedingly rare.") (citations and internal quotation marks omitted). To the extent that Martin complains about the current conditions of his incarceration, that issue is not properly presented for review in this direct appeal from the judgment of conviction and sentence.

For the reasons stated above, we AFFIRM the judgment and sentence and DISMISS the appeal as to the district court's decision not to depart downward.