SUMMARY ORDER
Defendant-appellant Tairu Alabi appeals from a judgment of conviction, entered July 16, 2008, sentencing him primarily to 126 months’ imprisonment. We assume the parties’ familiarity with the facts, procedural history, and specification of issues on appeal.
Alabi’s main contention on appeal is that the district court erred in finding that the sentence of “time served” for a previous conviction was a sentence of 46 months’ imprisonment, rather than a sentence of some amount of time under six *380 months. A “sentence of ‘time served’ [i]s an unambiguous pronouncement of a specific term of imprisonment — the amount of time actually served.” United States v. D’Oliveira, 402 F.3d 130, 132 (2d Cir.2005). In this case, Alabi actually served 46 months’ imprisonment. That almost all of that time was served before the filing of the superseding information to which Alabi ultimately pled guilty is irrelevant. Alabi has pointed to no authority that suggests that it is the filing of a charging instrument, rather than the beginning of actual incarceration (e.g., when a defendant is arrested), which marks the start of “time actually served.” Indeed, the result Alabi urges would be inconsistent with the practice of crediting all time actually served toward a later sentence of incarceration. See, e.g., 18 U.S.G. § 8585(b) (allowing credit toward a sentence “for any time [the defendant] has spent in official detention prior to the date the sentence commences” and making no distinction between time spent in detention before and after a charging instrument is filed (emphasis added)).
Although Alabi seeks to distinguish this case from cases such as D’Oliveira by arguing that the superseding information here initiated a separate criminal prosecution, that argument is factually incorrect. As the term implies,' the information charging Alabi with making false statements superseded the earlier charges in the same criminal case; the fact that a conviction on the earlier charges had been vacated does not change the fact that the information superseded those earlier charges. Accordingly, all the time that Alabi actually served was time he was incarcerated “as a result of the offense for which the sentence was imposed,” see 18 U.S.C. § 3585(b)(1), and thus was time actually served for the false statement conviction. Nor is Alabi correct to suggest that the original district court did not intend that all 46 months be included in the sentence of “time served”; the sentencing transcript makes clear that the district court fully intended to sentence Alabi to 46 months and departed upwards to reach that result. And while Alabi argues that a sentence of 46 months would have been unlawful at the time, Alabi may not challenge the lawfulness of that sentence here. See, e.g., Custis v. United States, 511 U.S. 485, 487, 114 S.Ct. 1732, 128 L.Ed.2d 517 (1994).
Alabi’s remaining argument — that his sentence is procedurally unreasonable because it was based on an erroneous factual 'finding — is also without merit. The erroneous “fact” that Alabi points to is the district court’s statement that “the last judge was lenient with you.” First, this is not a finding of fact but merely a statement of the district court’s opinion. Second, even if the statement was a “finding of fact” that was clearly erroneous, it would make Alabi’s sentence procedurally unreasonable only if the district court “rest[ed] its sentence on [that] clearly erroneous finding of fact.” United States v. Cavera, 550 F.3d 180, 190 (2d Cir.2008) (en banc) (emphasis added). A review of the sentencing transcript makes clear that the district court did not “rest[ ]” its sentence on its observation about leniency. See id. Accordingly, Alabi’s argument that his sentence was procedurally unreasonable fails.
For the foregoing reasons, the judgment of the district court is hereby AFFIRMED.