*United States v. Constantine*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 11th day of February, two thousand nineteen.

Present:
> GUIDO CALABRESI,
> DEBRA ANN LIVINGSTON,
> > *Circuit Judges*.
> LORNA G. SCHOFIELD,
> > *District Judge*.*

---

UNITED STATES OF AMERICA,

> *Appellee*,

> v.                                                              18-93

BOBBI A. CONSTANTINE, AKA BOBBI BOVE, AKA ROBERT H. BOVE, AKA ROBERT A. BOVE, AKA ROBERT A. BOVIE, AKA ROBERT BOVEE, AKA ROBERT BOVIEEE, AKA ROBERT K. BOVE,

> *Defendant-Appellant*.

---

---

* Judge Schofield, of the United States District Court for the Southern District of New York, sitting by designation.

1

For Defendant-Appellant:     JAMES A. RESILA, Carter, Conboy, Case, Blackmore, Maloney & Laid, PC, Albany, New York.

For Plaintiff-Appellee:     CARINA H. SCHOENBERGER, Assistant United States Attorney *for* Grant. C. Jaquith, United States Attorney for the Northern District of New York, Syracuse, NY.

Appeal from the judgments of the United States District Court for the Northern District of New York (D'Agostino, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the January 5, 2018 and November 29, 2018 judgments of the district court are **AFFIRMED**.

Defendant-Appellant Bobbi A. Constantine appeals from the January 4, 2018 judgment of the United States District Court for the Northern District of New York (D'Agostino, *J.*) sentencing her to thirty-seven months' imprisonment and ordering her to pay restitution totaling $72,589.96, following her guilty plea to one count of wire fraud, in violation of 18 U.S.C. § 1343. Constantine also appeals the November 29, 2018 judgment of the district court denying her motion requesting a reduction in her sentence. On appeal, Constantine argues that the district court committed procedural error in its loss calculation and criminal history category assessment for United States Sentencing Guidelines ("Guidelines") purposes.

We review the reasonableness of the sentence imposed by the district court for abuse of discretion. *United States v. Verkhoglyad*, 516 F.3d 122, 127 (2d Cir. 2008). A sentence is procedurally unreasonable where the district court "fails to calculate the Guidelines range," "makes a mistake in its Guidelines calculation," "treats the Guidelines as mandatory," "does not consider the [18 U.S.C.] § 3553(a) factors," "rests its sentence on a clearly erroneous finding of fact," or "fails adequately to explain its chosen sentence." *United States v. Cavera*, 550 F.3d 180,

2

190 (2d Cir. 2008) (en banc). We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

## I.  Calculation of Loss

Over a two-year period, Constantine falsely represented herself as the beneficiary of a $12.5 million trust that produced thousands of dollars of monthly income in order to secure a variety of mortgages, loans and leases. Constantine thereby secured, among other pieces of property, a two-year lease on a 2015 Toyota RAV4 (the "Toyota"); a three-year lease on a 2016 Jeep Renegade (the "Chrysler"); and a $25,000 loan in exchange for a promissory note from the seller of a property in South Carolina (an individual identified as E.W.).

Constantine argues that the district court erred in its loss calculation respecting the two automobile leases and the promissory note. "Under the Guidelines, the offense level for fraud offenses is linked explicitly to the harm caused to victims, measured in terms of monetary loss." *United States v. Byors*, 586 F.3d 222, 225 (2d Cir. 2009) (citing U.S.S.G. § 2B1.1 (b)). "We review a district court's factual findings as to loss amount for clear error and its legal conclusions *de novo.*" *United States v. Binday*, 804 F.3d 558, 595 (2d Cir. 2015) (citation omitted). "A district court is not required to calculate loss with absolute precision, but need only by a preponderance of the evidence make a reasonable estimate of the loss given the available information." *Id.* (internal quotation marks omitted).

We conclude that the district court did not commit procedural error in arriving at its loss calculation. For the purposes of calculating the Guidelines range, loss is defined as "the greater of actual loss or intended loss." *United States v. Certified Envtl. Servs., Inc.*, 753 F.3d 72, 103 (2d Cir. 2014) (quoting U.S.S.G. § 2B1.1 cmt. 3(A)). "Actual loss, in turn, is defined as 'the reasonably foreseeable pecuniary harm that resulted from the offense . . . .'" *Id.* (quoting U.S.S.G.

3

§ 2B1.1 cmt. 3(A)(i)). The loss estimate should "tak[e] into account" factors such as "[t]he fair market value of the property unlawfully taken." U.S.S.G. § 2B1.1 cmt. 3(c); *see Byors*, 586 F.3d at 225 (noting that "[t]he application notes to the Guidelines shed further light on the meaning of the provisions and assist courts in applying the Guidelines"). Here, the district court's loss calculation constituted a "reasonable estimate of the loss given the available information." *Binday*, 804 F.3d at 595.

Constantine first contends that the district court erred in attributing the value of the E.W. promissory note to her loss calculation because the Information to which she pled guilty did not specifically reference the note. We disagree and find no clear error in the district court's attribution of the loss associated with the promissory note. Constantine admitted in her plea agreement that she obtained the note on behalf of her fraudulent trust, the same trust she relied on to obtain the Toyota and Chrysler leases. The promissory note was "relevant conduct" for Guidelines purposes, undeniably constituting part of the "same course of conduct or common scheme" as the other offenses referenced in Constantine's Information. *See* U.S.S.G. §§ 1B1.3(a)(1)(A), 1B1.3(a)(2) (noting that, when making its sentencing determination, a district court may consider all "relevant conduct," which includes "acts and commissions" that "were part of the same course of conduct or common scheme or plan as the offense conviction"). The district court therefore did not err in adding $24,901.72 (the full amount owed on the promissory note minus the single payment Constantine had made on the note) to Constantine's loss amount.

Next, Constantine challenges the district court's loss calculation of $2,706.30 with respect to the Toyota lease. We again find no clear error in the district court's loss calculation. The district court adopted a total loss attributable to the Toyota of $2,706.30 by reference to Toyota's "Early Termination Accounting Statement," which detailed the expense Toyota incurred as a result of

4

Constantine's fraudulent leasing and early return of the vehicle. J.A. 106. Constantine provides no basis for concluding that any of Toyota's calculations are inflated or irrelevant. The district court ultimately arrived at "a reasonable estimate of loss" resulting from the fraud, *see* U.S.S.G. §2B.1, by endeavoring to calculate the difference between what Toyota would have earned from "somebody entering into a lease in good faith" and Constantine's fraudulently obtained lease. J.A. 163.

Finally, Constantine challenges the district court's loss calculation of $26,242.94 with respect to the Chrysler lease. Constantine contends that after entering into the lease agreement for the Chrysler in May of 2016 she subsequently abandoned the vehicle in a parking garage following her arrest in September of that year. Though Constantine did not keep up with her lease payments, she argued at her sentencing hearing that Chrysler Capital could have repossessed the abandoned Jeep and recovered its full market value. Therefore, she advocated that the district court limit the loss amount respecting the Chrysler to the remaining lease payments she owed on the vehicle rather than the full market value of the car. The district court rejected that argument, instead calculating a loss amount that represented the total value of the vehicle at the time of sentencing minus the three lease payments Constantine had already made. Following Constantine's sentencing, the Chrysler was, in fact, repossessed by Chrysler Capital and sold for $18,793.15. Constantine then filed a motion requesting that her sentence be reduced in light of the sale of the Chrysler. The district court denied that motion in an order dated November 29, 2018.

We need not decide whether the district court erred in its loss calculation with respect to the Chrysler, since any error would be harmless. In making its sentencing determination the district court considered factors independent from the actual loss amount, such as Constantine's lengthy criminal record and her routinely successful attempts at defrauding people, leaving them without

5

recourse. The court concluded that "if I underestimated the loss or overestimated the loss, the sentence that I impose today would still be the same, in light of everything that I have reviewed in this case." J.A. 189-90. Thus, "we take comfort in the district court's emphatic statement that it would have imposed the same sentence regardless of the loss amount, which renders any error in the loss calculation harmless." *Binday*, 804 F.3d at 598.[1]

## II. Criminal History Category

Constantine also argues that the district court erred in assigning her two criminal history points for her prior conviction for giving a false statement, in violation of 18 U.S.C. § 1001(a)(3). For that offense, Constantine received a sentence of "time served" after being incarcerated for 339 days. Section 4A1.1 of the Guidelines provides that the district court should "[a]dd 2 points for each prior sentence of imprisonment of at least sixty days." U.S.S.G. § 4A1.1(b). A sentence of "time served" is treated as "an unambiguous pronouncement of a specific term of imprisonment— the amount of time actually served." *United States v. D'Oliveira*, 402 F.3d 130, 132 (2d Cir. 2005). Here, the time Constantine "actually served" (339 days), clearly exceeded the sixty days of imprisonment required by the Guidelines for the assessment of two criminal history points, and the district court appropriately assigned them to her. To the extent Constantine objects to her previous sentence, she may not challenge the lawfulness of that sentence here.

---

[1] After the sale of the Chrysler, the district court directed the Clerk of Court "administratively" to reduce the restitution amount owed by Constantine by $18,793.15, the amount Chrysler Capital was able to recover from selling the Jeep. In the wake of this action, we do not understand Constantine to be challenging her outstanding restitution judgment nor these actions by the district court. Accordingly, we do not address this issue.

6

We have considered Constantine's remaining arguments and find them to be without merit.

Accordingly, we AFFIRM the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk